**UNITED STATES, Appellee,**

v.

**Airman First Class Terry J. SUZUKI,
U.S. Air Force, Appellant.**

No. 41691.
ACM 23133.

U. S. Court of Military Appeals.

Jan. 31, 1983.

For Appellant: *Captain Conrad C. Baldwin, Jr.* (argued); *Colonel George R. Stevens, Captain Douglas H. Kohrt* (on brief).

For Appellee: *Major Michael J. Hoover* (argued); *Colonel James P. Porter* (on brief); *Lieutenant Colonel Bruce R. Houston.*

Opinion of the Court

FLETCHER, Judge:

We are called upon in this case [1] to consider whether this military judge had authority to order more than a day-for-day credit for illegal pretrial confinement. *Cf. United States v. Occhi,* 2 M.J. 60 (C.M.A. 1976). After careful consideration, we answer this question in the affirmative, inas-

---

1. Tried at a general court-martial before a military judge sitting alone, appellant was found guilty, pursuant to his pleas, of a violation of Article 134 of the Uniform Code of Military Justice, 10 U.S.C. § 934, by stealing certain mail matter from nine individuals and a violation of Article 92, UCMJ, 10 U.S.C. § 892, by violating a general regulation prohibiting the sale of duty-free items to Korean nationals.

He was sentenced to a dishonorable discharge, confinement at hard labor for 4 years, to pay the United States a fine of $5,000 and to be further confin. d until the fine is paid but not more than for 2½ years, and reduction to E–1.

The convening authority, pursuant to a pretrial agreement, approved only so much of the sentence as provided for dishonorable discharge, confinement at hard labor for 13 months, a fine of $5,000, and reduction to E–1.

much as *United States v. Larner,* 1 M.J. 371 (C.M.A.1976), is not an absolute remedial rule and the remedy there corresponded to the facts of that case. Moreover, we conclude that a convening authority cannot unilaterally ignore a military judge's ruling, even when believing it to be beyond the military judge's authority; rather he must invoke the extraordinary-writ process. *See United States v. Redding,* 11 M.J. 100 (C.M.A.1981); *Dettinger v. United States,* 7 M.J. 216 (C.M.A.1979). As a result, we reverse the sentence holding of the United States Air Force Court of Military Review and return the record to that tribunal for sentence reassessment.

We briefly review the essential facts below agreed upon by both parties to the dispute. Defense counsel moved for a finding of illegal pretrial confinement based on a stipulation of fact and appellant's testimony. The evidence demonstrated that appellant, a member of the Air Force, was detained in pretrial confinement at the Army confinement facility at Camp Humphreys, South Korea. As the Government acknowledges, during this time appellant was billeted, mingled, and worked with adjudged and sentenced prisoners. For a period of time (December 12 through 17, 1980, and January 29 through 31, 1981), appellant was kept in administrative and disciplinary segregation. On the first day of this segregation, appellant's clothes were taken from him and he remained in a cell approximately $6 \times 8$ feet in size, clothed only in his underwear. In the cell was a bed resting on a piece of plywood, an open toilet, a sink, and a single light. Appellant testified that he was returned to the segregation cell on January 29, 1981, because he withdrew a work waiver, and was released two days later only after he agreed to sign the waiver.

After hearing this evidence, the military judge made a finding that appellant was subjected to illegal pretrial confinement for the period from December 12, 1980, to February 15, 1981. *See United States v. Bruce,* 14 M.J. 254 (C.M.A.1982). Following his announcement of the sentence, the military judge made the following additional ruling regarding the appropriate remedy for the period of time that appellant spent in segregation:

> MJ: [W]hile my reading of *United States v. Larner,* 1 M.J. 371, does not include such provision, it further appears appropriate to the court, based on the stipulation of fact, Appellate Exhibit VII, that an additional two days credit for every day spent in disciplinary... or administrative segregation be granted.

> Trial counsel, for your information and if you would please relay it to the convening authority or his representative, the additional days are granted because of the unusually harsh circumstances that were apparently imposed at Camp Humphreys on persons who were in segregation and the only apparent reason for the accused being placed in administrative segregation or disciplinary segregation during his pretrial confinement was because he withdrew the work waiver, or the waiver that would have otherwise made it permissible, or at least was represented by people at the confinement facility to make it permissible for the accused to be commingled with the sentenced prisoners. Is there any question about that?

> TC: No Your Honor.

> MJ: Trial counsel, do you desire to be heard on the question of whether or not additional administrative credit can be given above one day?

> TC: No sir.

In taking his final action on appellant's case, the convening authority ordered that appellant be granted day-for-day administrative credit for the period of illegal pretrial confinement. The convening authority refused to give appellant an additional two-day administrative credit for the period he spent in segregation.

The staff judge advocate in his post trial review advised the convening authority not to give the additional administrative credit ordered by the military judge. He stated:

The defense made a motion alleging illegal pretrial confinement. The military judge ruled that the pretrial confinement served by the accused at Camp Humphreys Army Confinement Facility was illegal because of the arrangement used to house the pretrial detainees. The proper remedy when pretrial confinement is determined to be illegal is administrative credit for the period of the pretrial confinement determined to be illegal. *U.S. v. Larner,* 1 M.J. 371 (C.M.A.1976). In announcing the sentence, the military judge stated that with respect to the period of pretrial confinement which the court determined to be illegal, the accused would receive an administrative credit, one day for each served illegally. The military judge also found it appropriate to give an additional two days credit for every day spent in disciplinary segregation or administrative segregation, due to the unusually harsh circumstances that were imposed on the accused at Camp Humphreys. *The military judge's remedy of three for one credit is inappropriate in light of the case law.* Therefore, I recommend the accused be given administrative credit for one period of illegal pretrial confinement, but only one day for each served illegally.

(Emphasis added.)

■ This advice was erroneous. The remedial rule allowing for administrative credit for illegal pretrial confinement utilized in *United States v. Larner, supra,* was not framed in concrete. Instead, the concern in that case was that the remedy for illegal pretrial confinement be effective. Here, where pretrial confinement is illegal for several reasons and the military judge concludes the circumstances require a more appropriate remedy, a one-for-one day credit limit is not mandated.

■ We further rule that a convening authority, with advice of the staff judge advocate, has no power to ignore a ruling by the military judge and unilaterally act on his own in disregard of the judge's ruling. *See United States v. Ware,* 1 M.J. 282 (C.M.A.1976). If the convening authority believes the military judge has exceeded his authority, he should seek an extraordinary writ in the Court of Military Review to restrain the judge. *See Dettinger v. United States* and *United States v. Redding,* both *supra.* As the convening authority did not follow this procedure in the present case, his action, to the extent it ignores the military judge's ruling, is improper.

■ While appellant has now been released from confinement, he nevertheless seeks reassessment of his sentence by the Court of Military Review. *See United States v. Nelson,* 18 U.S.C.M.A. 177, 39 C.M.R. 177 (1969). The number of days of credit not awarded in this case might be, under other circumstances, considered *de minimis. See United States v. Johnson,* 19 U.S.C.M.A. 49, 41 C.M.R. 49 (1969). However, in light of the egregious facts of the instant case, we conclude that appellant merits meaningful relief with respect to the remainder of his sentence.

The decision of the United States Air Force Court of Military Review is reversed as to sentence.[2] The record of trial is returned to the Judge Advocate General of the Air Force for submission to that court for reassessment of the sentence.

Chief Judge EVERETT concurs.

COOK, Judge (dissenting):

This case points up one of the fallacies inherent in the rule announced in *United States v. Larner,* 1 M.J. 371 (C.M.A.1976). The military judge here, responding to a

---

**2.** The Court of Military Review affirmed only so much of the sentence as included a bad-conduct discharge, confinement at hard labor for 11 months and 20 days, forfeiture of $250.00 pay per month for 12 months and reduction to E–1. It stated in its opinion that the reduction of confinement that it ordered was "unrelated to the reduction in confinement afforded the accused by the convening authority as credit for illegal pretrial confinement." Unpublished opinion at 1 (ACM 23133, July 2, 1981). We find such a statement ambiguous and inadequate to assure us that the erroneous actions of the convening authority have already been cured. *See United States v. Gragg,* 10 M.J. 286 (C.M.A.1981).

motion for appropriate relief, ruled that a portion of appellant's pretrial confinement was illegal and granted appellant a total of 79 days' credit against possible sentence to confinement. After findings of guilty were entered pursuant to appellant's pleas, the military judge sentenced appellant, *inter alia,* to confinement at hard labor for 4 years. Unbeknownst to the military judge at the time sentence was announced, the convening authority had entered into a pretrial agreement with appellant which limited confinement at hard labor to 13 months.

The majority today decides that the convening authority had no option but to credit appellant with 79 days of confinement against the sentence ultimately approved by the convening authority. I think this result is absurd! There is no question but that the sentence approved by the convening authority was substantially less than that adjudged by the military judge—even taking into consideration the sentence cred-

it. Any system of calculation that results in the conclusion that the 79 days was not more than subsumed in the 35-month sentence reduction required by the agreement is simply wrong!

The military judge's authority in this area is derived from his responsibility to adjudge sentence. The baseline he works from is his own sentence. He has no power to embellish sentence limitations negotiated by convening authorities.\* It is the convening authority who reviews the actions of a court-martial, not vice versa. Article 64, Uniform Code of Military Justice, 10 U.S.C. § 864. Inasmuch as the sentence approved by the convening authority obviated the credit awarded by the military judge, no relief is required—regardless of the correctness of the judge's rulings or the staff judge advocate's review. I would affirm the decision of the United States Air Force Court of Military Review.

---

\* Nor does it appear that this military judge presumed to do so. After sentence was announced, he examined, for the first time, the sentence limitation portion of the pretrial agreement. In reviewing this document with appellant, the judge advised appellant that the convening authority could not approve any sentence to confinement in excess of 13 months. He did not indicate that the convening authority was obligated to credit appellant with an additional 79 days of confinement.