UNITED STATES, Appellee,

v.

Daniel D. TURCOLA, Electronics
Technician Third Class, U.S.
Coast Guard, Appellant.

No. 64,194.
CG 930.

U.S. Court of Military Appeals.

Argued April 25, 1991.

Decided Sept. 20, 1991.

For Appellant: *Lieutenant G Arthur
Robbins* (argued).

For Appellee: *Commander Richard T.
Buckingham* (argued).

*Opinion of the Court*

EVERETT, Senior Judge:

Daniel D. Turcola was tried by a special
court-martial with officer members and,
pursuant to his pleas, was found guilty of a
single unauthorized absence, wrongful use
of cocaine, wrongful use of marijuana, and
wrongful appropriation of a motor vehicle,
in violation of Articles 86, 112a, and 121,
Uniform Code of Military Justice, 10 USC
§§ 886, 912a, and 921, respectively. His
sentence included 3 months' confinement, a
fine of $2,000, a bad-conduct discharge, and
reduction to the lowest enlisted grade.
Pursuant to a pretrial agreement, the con-
vening authority suspended the amount of

the fine in excess of $250 but otherwise approved the sentence.

Subsequent reviews in this case have been numerous—twice in the Coast Guard Court of Military Review and twice in our Court. We now affirm the most recent decision of the court below.

I

Appellant initially submitted two assignments of error to the Court of Military Review. First, he contended that the military judge had committed prejudicial error in allowing two government witnesses to testify without a proper foundation concerning his rehabilitative potential. This he insisted violated our decisions in *United States v. Ohrt*, 28 MJ 301 (CMA 1989), and *United States v. Horner*, 22 MJ 294 (CMA 1986). Second, he claimed that the military judge had violated RCM 1001(b)(4), Manual for Courts–Martial, United States, 1984, by allowing the same two witnesses to testify about certain uncharged misconduct involving his drinking on duty.

The Government conceded that these errors had occurred; but it urged that they were not prejudicial to Turcola in view of the nature of his offenses, the sentencing evidence properly admitted at trial, the adjudged sentence, and the punishment approved by the convening authority. The Court of Military Review accepted the Government's concession that these errors had occurred, but it disagreed with the Government as to prejudice and so proceeded to reassess appellant's sentence. However, upon "weigh[ing] the offenses and the evidence in appellant's behalf," that court ruled that "the sentence [was still] appropriate for this accused and these offenses." The court subsequently affirmed "[t]he findings of guilty and sentence as approved and partially suspended below." Unpub. op. at 2 (Dec. 1, 1989).

■ This Court, however, in its order granting Turcola's petition for review, observed that the opinion below did not clearly show that both parts of the test announced in *United States v. Sales*, 22 MJ 305, 308 (CMA 1986), had been considered in reassessing the sentence. Therefore, we set aside the decision below and returned the record of trial for further proceedings in the court below to "determine explicitly whether any sentence relief ... [was] required in order to purge the effects of the prejudicial errors ... [it had] found." 31 MJ 445 (1990).

Upon resubmission of the record of trial to the Court of Military Review, the defense contended that sentence relief was required in order to purge the prejudice which that court had initially found. Furthermore, appellate defense counsel contended that, if Turcola were to be given any meaningful sentence relief, the bad-conduct discharge could not be approved.

Rejecting those arguments, the Court of Military Review wrote:

Upon reassessing this sentence again, expressly applying both aspects of the test in *United States v. Sales, supra*, we explicitly find that no sentence modification is warranted. This court has assured itself that the sentence is no greater than that which would have been imposed *had the prejudicial error not been committed.* Moreover, we have determined that the sentence in its entirety is appropriate under all the circumstances.

Unpub. op. at 2 (Aug. 23, 1990) (emphasis added). Furthermore, the court below remarked that "the earlier affirmed findings having remained unaffected by the Court of Military Appeals' action, we now reaffirm the sentence as approved and partially suspended below." *Id.*

Thereafter, appellant filed with us another petition for grant of review; and this Court subsequently granted review of this specified issue:

WHETHER THE COAST GUARD COURT OF MILITARY REVIEW PROPERLY INTERPRETED THE PRECEDENT OF THIS COURT WHEN IT CONCLUDED THAT PREJUDICIAL ERROR OCCURRED BUT THAT SUCH ERROR DID NOT REQUIRE A REDUCTION IN APPELLANT'S SEN-

TENCE. *UNITED STATES v. SALES,* 22 MJ 305 (CMA 1986).

We are now satisfied that the action taken by the Court of Military Review was adequate as a matter of law.

Our Court's directive in the previous consideration of this case required "reassessment" by the court below. We made no finding that the original sentence had been excessive as a matter of law; and we did not direct any *reduction* of the sentence. *Cf. United States v. Peoples,* 29 MJ 426, 429 (1990), where this Court, in remanding a case to the Air Force Court of Military Review, specifically stated that the court below could "approve a sentence that does *not* include a discharge or order a rehearing on sentence." (Emphasis added.) *See also United States v. Suzuki,* 14 MJ 491 (CMA 1983); *cf. United States v. Wales,* 31 MJ 301, 310 (CMA 1990).

■ In compliance with *United States v. Sales, supra,* the Court of Military Review did exactly what we had directed. Clearly, under the circumstances here, it would be difficult to hold that a reduction in the sentence is required or to conclude that the sentence appears harsher than would have been adjudged in the absence of the errors. Turcola was a petty officer who had absented himself without authority for almost 6 months. Also, he had wrongfully appropriated a government vehicle and had used controlled substances on two occasions even though his Service plays a major role in combating drug traffic. Thus, we are convinced that, even absent the error which occurred during the sentencing proceedings at this trial, appellant would have received no less severe sentence than the one that the court below has affirmed.

II

The decision of the United States Coast Guard Court of Military Review dated August 23, 1990, is affirmed.

Chief Judge SULLIVAN and Judge COX concur.