UNITED STATES, Appellee,

v.

Jason L. ROCK, Private First Class,
U.S. Army, Appellant.

No. 98–0947.
Crim.App. No. 9700192.

U.S. Court of Appeals for
the Armed Forces.

Argued April 7, 1997.

Decided Sept. 30, 1999.

COX, C.J., delivered the opinion of the Court, in which CRAWFORD and GIERKE, JJ., joined. EFFRON, J., filed an opinion concurring in part and in the result. SULLIVAN, J., filed an opinion concurring in the result.

For Appellant: *Captain Scott A. De La Vega* (argued); *Colonel John T. Phelps II, Lieutenant Colonel Adele H. Odegard,* and *Captain Kirsten V. Campbell–Brunson* (on brief); *Major Holly S.G. Coffey* and *Captain Paul Fiorino.*

For Appellee: *Captain Marcella Edwards–Burden* (argued); *Colonel Russell S. Estey, Lieutenant Colonel Eugene R. Milhizer,* and *Major Patricia A. Ham* (on brief); *Captain Daniel G. Brookhart.*

Chief Judge COX, delivered the opinion of the Court.

## I

In this case, the military judge awarded appellant 240 days (8 months) of credit against the *adjudged* sentence to confinement, as a result of pretrial conditions on appellant's liberty not amounting to confinement. Appellant had pleaded guilty pursuant to a pretrial agreement that limited confinement to 3 years (36 months).[1] The military judge, sitting alone as a general court-martial and not then knowing the terms of the pretrial agreement, in effect sentenced appellant to 61 months' confinement, which he then reduced to 53 months as a result of the credit.[2]

In accordance with the pretrial agreement, the convening authority approved confinement of 3 years, less 3 days' credit for pretrial confinement actually served by appellant. The Court of Criminal Appeals affirmed in an unpublished opinion.

Appellant now contends that the military judge erred in applying the credit to the adjudged sentence, rather than to the limitation established by the pretrial agreement. 51 MJ 130, 131 (1998). In other words, appellant contends the 8 months of pretrial credit should have reduced the 36 months to 28 months, rather than reducing the 61 months to 53 months. We now hold that neither the military judge nor the convening authority erred, and we affirm.

## II

Appellant was tried in Baumholder, Germany, on January 27, 1997, for offenses committed between November 1995 and August 1996. *In limine,* he moved to dismiss the Charges and specifications for lack of a speedy trial. *See* RCM 707, Manual for Courts–Martial, United States (1995 ed.). He also asserted that his pretrial restriction amounted to confinement, and he moved for credit against any approved sentence to confinement. *See* RCM 305(k). Finally, he contended that his pretrial treatment constituted punishment, in violation of Article 13, Uniform Code of Military Justice, 10 USC § 813, and he moved for additional credit against any approved sentence to confinement.

After conducting an evidentiary hearing and considering the various stipulations of fact and memoranda of law submitted by the parties, the military judge denied the motion to dismiss for lack of a speedy trial. In addition, the judge ruled that "the conditions on liberties imposed by the company commander did not amount under the totality of the circumstances to restriction tantamount to confinement." Further, the judge concluded that there was "no intent on the part of the company commander and the first sergeant to punish the accused prior to trial." Indeed, the military judge "commend[ed] the commander and the first sergeant for their actions to ameliorate the accused's situation while he [appellant] was pending trial." (*Id.*)

Nevertheless, "considering as a whole, the accused being deprived of his right to train as an 11 mike [his military occupational specialty], the accused's service in a squad which basically performed details, and the conditions on the accused's liberty during the period of time," the military judge found that appellant "was in fact punished [pretrial], as that term is used in Article 13." Further, the judge ruled that "the period of such

---

1. The military judge accepted appellant's pleas of guilty to 2 specifications of conspiracy to distribute drugs, 2 specifications of absence without leave, and 8 specifications of use, possession with intent to distribute, and distribution of drugs, in violation of Articles 81, 86, and 112a, Uniform Code of Military Justice, 10 USC §§ 881, 886, and 912a, respectively.

2. Literally, the judge announced a sentence to confinement of 53 months, which he explained included 8 months of credit. The balance of the sentence adjudged included reduction to E–1, total forfeitures, and a dishonorable discharge.

punishment ... [was] 160 days." Accordingly, he awarded appellant credit at the rate of "1.5 days credit per day of punishment," for a total of 240 days' credit against confinement.

There are no issues before us concerning the correctness of the judge's rulings on speedy trial, the conditions of and effects on appellant's liberty, or the ratable calculation of credit. The only issue before us relates to the point from which the credit against confinement should be applied.

### III

The issue of credit for pretrial confinement and/or punishment has a long history in military law. From its inception, Article 13 has forbidden pretrial punishment, as well as arrest or confinement more rigorous than necessary to assure the accused's presence at trial. Because pretrial confinement was not considered punishment, there was no automatic credit for pretrial confinement as recently as 1982. *United States v. Davidson,* 14 MJ 81 (CMA 1982). This led to the anomalous situation that an accused might stay behind bars considerably longer than the maximum period of confinement authorized by law for his offenses. *Id.*

However, in *United States v. Allen,* 17 MJ 126 (CMA 1984), we construed a Department of Defense Instruction as requiring, consistent with federal law, day-for-day credit for *legal* pretrial confinement. Commonly referred to as *"Allen"* credit, this apparently has not been incorporated into the Manual for Courts–Martial, although credit for *illegal* pretrial confinement has been incorporated. RCM 305(k) and 1107(f)(4)(F). *"Mason"* credit, named after our order in *United States v. Mason,* 19 MJ 274 (CMA 1985), extends *Allen* credit to "pretrial restriction equivalent to confinement."

Many opinions over the years have addressed whether restriction or other "conditions on liberty" were equivalent, or "tantamount," to confinement. *E.g., United States v. King,* 30 MJ 59 (CMA 1990); *United States v. Guerrero,* 28 MJ 223 (CMA 1989); *United States v. Facey,* 26 MJ 421 (CMA 1988); *United States v. Bradford,* 25 MJ 181

(CMA 1987); *United States v. Burrell,* 13 MJ 437 (1982); *United States v. Powell,* 2 MJ 6 (CMA 1976); *United States v. Schilf,* 1 MJ 251 (CMA 1976).

In *United States v. Pierce,* 27 MJ 367 (CMA 1989), the accused accepted nonjudicial punishment for an offense, but was later court-martialed for the same and other offenses. We rejected Pierce's contention that the imposition of nonjudicial punishment barred the court-martial charge, but we held, on due process grounds, that servicemembers had to "be given *complete* credit for any and all nonjudicial punishment suffered: day-for-day, dollar-for-dollar, stripe-for-stripe." *Id.* at 369. *"Pierce"* credit has likewise not received Manual recognition.

In *United States v. Suzuki,* 14 MJ 491 (CMA 1983), we sustained a military judge's award of *more* than day-for-day credit for *illegal* pretrial confinement amounting to punishment. *Cf. United States v. Cruz,* 25 MJ 326 (CMA 1987)(rehearing on sentence ordered so that prior punishment could be considered by court-martial, where accused had been subjected to public pretrial humiliation by the command). *"Suzuki"* credit, a military judge's authority to grant more than day-for-day credit in unusual cases, is now explicitly recognized in the Manual. *See* RCM 305(k), Manual, *supra* (1998 ed.).

### IV

None of these cases involving credit against confinement discuss the point from which the sentence is to be reduced by the credit. The answer, however, is quite simple. Pretrial agreements are a product of a bargaining process between an accused and a convening authority. *United States v. Acevedo,* 50 MJ 169, 172 (1999). These agreements operate separately and apart from sentences of courts-martial, and often they override lawfully adjudged sentences. Military judges, however, are not parties to pretrial agreements. *See* RCM 705. No authority has been given to them to embellish or embroider these agreements. Thus, credit against confinement awarded by a military judge *always* applies against the sentence

adjudged—unless the pretrial agreement itself dictates otherwise.

Where there is no pretrial agreement in effect, of course, the credit can only be applied against the adjudged sentence; there is no other possibility. The adjudged sentence becomes the maximum punishment. Any and all credits against it must reduce it to that extent. Here, of course, the military judge did just that.

■ The situation is essentially the same, moreover, where the adjudged sentence to confinement turns out to be less than the sentence cap negotiated in a pretrial agreement. Again, the adjudged sentence becomes the maximum punishment; the pretrial agreement, being higher, does not operate. Any and all credits can only be applied against the adjudged (lesser) sentence.

■ Where there is a pretrial agreement that sets out a lesser limitation than that adjudged by the court-martial, however, a different result obtains. Where the agreement establishes a maximum confinement, for example, that is less than that adjudged by the court-martial, that lesser limit becomes the maximum total confinement that the accused lawfully can be made to serve. Where portions of that confinement have already been served, actually or constructively, the credit applies against the agreement, otherwise the accused's sentence will exceed the maximum lawful limit.

■ Thus the question here is, what did the agreement provide? It provided that the convening authority would "[d]isapprove any *confinement* adjudged in excess of three (3) years." (Emphasis added.) The period of time credited by the military judge, however, did not involve confinement, nor was it tantamount to confinement. Therefore, the period in question was not affected by the agreement, and neither the judge nor the convening authority erred in not crediting the time against the agreement limitation.

Servicemembers are not entitled to sentence credit against confinement for any and all time during the pendency of court-martial charges, even if restraints on liberty which

are not tantamount to confinement are imposed. Such periods of restraint, however, can often be useful to the defense in mitigation. Here, for example, the defense was successful in convincing the military judge to reduce the adjudged sentence due to the restraint. No one could have known whether the adjudged sentence would turn out to be greater or lesser than the pretrial agreement. Had the adjudged sentence been lesser than the agreement, the pretrial restraint would have been effective in substantially reducing appellant's sentence.

Furthermore, the fact of pretrial restraint can be a useful bargaining tool for the defense in negotiating an acceptable pretrial agreement: "How about disapproving confinement in excess of 36 months, rather than the 48 months you are proposing, due to the lengthy pretrial restraint the accused has endured." For all we know, trial defense counsel engaged in exactly such negotiations in this case.

One thing is clear, however. Pretrial confinement, or its equivalent, cannot be bargained away in arriving at a sentence limitation. For it is the Secretary of Defense himself who has mandated that the armed forces comply with federal practice and credit pretrial confinement. *United States v. Allen, supra.* Under the circumstances of this case, however, no error has occurred.

The decision of the United States Army Court of Criminal Appeals is affirmed.

EFFRON, Judge (concurring in part and in the result).

The majority holds that in a case involving pretrial punishment not tantamount to confinement, it is appropriate to apply any credit against the sentence adjudged at trial rather than the sentence approved by the convening authority. In the absence of a precedent requiring a different result, I agree that the military judge did not err in this case.

I note, however, that this result produces an anomaly where there has been a pretrial agreement limiting the maximum confinement that may be approved by the convening authority. If a servicemember has been sub-

jected to illegal pretrial punishment consisting of (or tantamount to) confinement, the convening authority must apply the credit in a manner that provides effective relief. *United States v. Suzuki*, 14 MJ 491 (CMA 1983). In the present case, for example, if the pretrial punishment had been tantamount to confinement, then the 8 months' credit would have been applied against the 36–month maximum confinement period under the pretrial agreement. *See United States v. Larner*, 1 MJ 371 (CMA 1976); *see also United States v. Suzuki, supra.* This would have produced a sentence of 28 months. In the present case, however, appellant has received no such relief despite the ruling by the military judge that the remedy for illegal pretrial punishment required a credit of 8 months.

In the present case, the improper punishment involved actions not tantamount to confinement, so the credit was not applied against the maximum sentence imposable under the pretrial agreement, but instead was applied against the adjudged sentence. Because the adjudged sentence (whether designated as 63 or 51 months), as reduced by the 8–months' credit was greater than the 36 months provided for in the pretrial agreement, appellant received no relief, despite the military judge's determination that he had suffered illegal punishment so serious that it warranted 8 months' confinement credit.

There does not appear to be any significant policy reason that would explain why 8–months' confinement credit in the case of one type of punishment should be applied against the maximum sentence that could be approved by the convening authority (i.e., the maximum imposable under a pretrial agreement), while the credit for another type of punishment is applied against the adjudged sentence without regard to a pretrial agreement. This anomaly is subject to further distortions if consideration of the potential initial release date is taken into account. *See Larner, supra.*

I would hold, prospectively, that confinement credit be applied in the same manner for all types of pretrial confinement and pretrial punishment, and that it be applied against the sentence that may be approved by the convening authority, rather than the sentence adjudged at trial. This would eliminate speculation as to whether the court-martial actually granted relief, and would ensure—under *United States v. Suzuki, supra*—that an adjudication of illegal pretrial punishment results in effective relief.

SULLIVAN, Judge (concurring in the result):

This is an unusual case on its facts because the unlawful pretrial punishment did not entail unlawful pretrial confinement. The military judge felt that a *judicial credit* was warranted for appellant's maltreatment. *Cf. United States v. Suzuki*, 14 MJ 491 (CMA 1983); *United States v. Larner*, 1 MJ 371 (CMA 1976). The majority establishes a procedure for this situation different from that where *administrative credit* is ordered for lawful or unlawful pretrial confinement. *Id.* While I question the need for still another special rule (*see* RCM 305k and 1107(f)(4)(F), Manual for Courts–Martial, United States (1995 ed.)), I find no prejudicial error occurred in this case. *Cf. United States v. Gammons*, 51 MJ 169 (1999) (procedure established to address prior punishment under Art. 15, UCMJ, 10 USC § 815).

It is clear that the military judge intended that appellant be given 8 months of confinement credit for unlawful pretrial punishment in violation of Article 13, UCMJ. It is just as obvious that he intended this credit be applied to the adjudged sentence. In fact, he specifically denied a motion of appellant to apply this credit to his sentence as approved by the convening authority. Thus, the military judge's intent to afford a judicial remedy of limited and special nature, while irregular, was not flouted in this case. *Cf. Suzuki, supra* at 493.