**UNITED STATES**

v.

**Airman First Class Adrian OZORES, United States Air Force.**

**ACM 32880.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 16 April 1997.

Decided 9 June 2000.

Appellate Counsel for Appellant: Colonel Douglas H. Kohrt and Major Thomas R. Uiselt.

Appellate Counsel for the United States: Colonel Brenda J. Hollis, Colonel Michael J. Breslin, Major Allen G. Erickson, and Major Beth A. Townsend.

Before SNYDER, Chief Judge, SCHLEGEL, Senior Judge, and BURD, Appellate Military Judge.

## OPINION OF THE COURT

BURD, Judge:

On 14–17 April 1997, the appellant was tried by general court-martial composed of a military judge sitting alone at Tyndall Air Force Base (AFB), Florida. Consistent with his pleas, he was found guilty of rape, in violation of Article 120, UCMJ, 10 U.S.C. § 920; two specifications of adultery, wrongfully opening mail matter, and two specifications of obstruction of justice, in violation of Article 134, UCMJ, 10 U.S.C. § 934; desertion terminated by apprehension, in violation of Article 85, UCMJ, 10 U.S.C. § 885; wrongful use of cocaine and marijuana, and wrongful possession of over 10 grams of cocaine, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. His plea conformed to a pretrial agreement (PTA) with the convening authority. Consistent with the PTA, the government withdrew six other allegations and did not attempt to prove that the appellant possessed cocaine with the intent to distribute. The appellant was sentenced by a military judge to a dishonorable discharge, confinement for 9 years, total forfeiture of all pay and allowances, and reduction to E–1. The convening authority, as required by the PTA, approved only so much of the sentence as provided for a dishonorable discharge, confinement for 8 years, and reduction to E–1.

The appellant asserts five errors. We find no prejudicial error and affirm the findings and sentence. We will address each claim of error individually.

## I. Multiplicity

The appellant claims that the rape under the Specification of Charge I and the adultery under Specification 1 of Charge II are multiplicious because both offenses were committed during the same act of sexual intercourse. The appellant is correct that these two offenses arose out of the same act. However, we disagree that the two offenses are multiplicious.

■■■ We note that the appellant agreed in his PTA to waive pretrial motions. While the record is silent on what issues were specifically contemplated by this provision, the issue of multiplicity was not raised.[1] But, even when multiplicity is not raised at trial, it is plain error for the military judge to accept an unconditional guilty plea when the offenses are facially duplicative. *United States v. Lloyd,* 46 M.J. 19, 22–24 (1997). *See also United States v. Broce,* 488 U.S. 563, 575, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). However, when the factual component of the offenses claimed to be multiplicious is different, appellate review of the legal aspect of such a claim is waived by an unconditional guilty plea. *Lloyd,* 46 M.J. at 24. *See United States v. Collins,* 41 M.J. 428 (1995). *See also United States v. Harwood,* 46 M.J. 26 (1997).

■■■ Rape and adultery allegations arising out of the same act of sexual intercourse are not multiplicious. *United States v. Vargas,* 48 M.J. 387 (1997) (mem.). *See also United States v. Hill,* 48 M.J. 352 (1997) (mem.); *Lloyd.* The factual components of rape and adultery are inherently different. Adultery does not require force, but does require one of the actors to be married. *Manual for Courts–Martial, United States (MCM),* Part IV, ¶ 62 (1995 ed.). Because rape and adultery are not facially duplicative, it was not error for the military judge to accept the appellant's plea to rape and adultery for the same act of sexual intercourse.

## II. Providence of Plea

The appellant claims that his plea of guilty to wrongfully opening mail matter is improvi-

---

1. The military judge adequately discussed the waiver provision with the appellant during his inquiry about the PTA. *See generally United States v. McFadyen,* 51 M.J. 289 (1999).

dent because his plea does not provide a factual basis to conclude that his opening of the mail matter was wrongful. We disagree.

 A providence inquiry into a guilty plea must establish two matters: that the accused believes and admits that he is guilty of the offense, and the factual circumstances admitted to by the accused objectively support the guilty plea. *United States v. Higgins*, 40 M.J. 67, 68 (C.M.A.1994). *See also United States v. Davenport*, 9 M.J. 364, 367 (C.M.A.1980). A guilty plea must be rejected if such plea is entered "improvidently or through lack of understanding" or if the accused, after the guilty plea, sets up matter inconsistent with the plea. Article 45(a), UCMJ, 10 U.S.C. § 845(a). We review a military judge's acceptance of a guilty plea for abuse of discretion. *United States v. Eberle*, 44 M.J. 374, 375 (1996).

 In reviewing guilty pleas, our focus is on the providence of the plea, not sufficiency of the evidence. *United States v. Boddie*, 49 M.J. 310, 312 (1998) (citing *United States v. Faircloth*, 45 M.J. 172, 174 (1996)). In deciding whether the military judge abused his discretion in accepting the plea, we view the evidence in the light most favorable to the prosecution. *See United States v. Hubbard*, 28 M.J. 203, 209 (C.M.A.1989) (Cox, J., concurring).

In support of his guilty plea, and in accordance with the PTA, the appellant entered into a stipulation of fact. The stipulation states that the appellant worked at the Tyndall AFB postal center and part of his duties were to sort and pitch mail for military members stationed at Tyndall AFB. The stipulation also contains the following paragraph:

Because of complaints that had been received about missing mail packages at the Tyndall AFB postal center, federal postal inspectors put a test package into the mail stream at the Tyndall AFB postal center. This package was clearly marked with a delivery address and return address along with the words "Return to sender." The package was rigged to trigger an alarm monitored by the inspectors when the package was opened and the contents removed. On 18 Sept. 1996, a day the Ac-

cused was working, SA Nowinski approached the Accused and handed him the package saying "someone mispitched a shitpot of coins into my box." The Accused took the package and instead of putting it in the appropriate place to be returned he cut open the white cardboard box and opened it, exposing the coins. The Accused took the package and without authority, wrongfully and intentionally opened it, triggering the alarm. When the alarm went off, the inspectors entered Tyndall AFB postal center and found the Accused seated at a table with the package opened with its contents, 26 Susan B. Anthony coins, before him. The Accused wrongfully opened the package, mail matter, before it had been delivered to the return addressee.

The appellant would have us conclude that if an airman assigned postal duties opens another's mail knowingly without authority, it is not wrongful as long as the airman's intentions are purportedly good. The mischief inherent in such illogic is transparent. The intention behind making the wrongful opening of mail matter an offense is "to protect the mail and mail system." *MCM*, Part IV, ¶ 93c (1995 ed.). Well-intended but unauthorized intrusions into mail violate the sanctity of that mail just as do intrusions motivated by unlawful purposes. Contrary to the apparent suggestion by the appellant, this case is not analogous to a practical obstruction of the mails that results from no unlawful purpose. *United States v. Heagy*, 38 C.M.R. 290, 1968 WL 5399 (C.M.A.1968) (finding that 11,000 pieces of undelivered mail discovered in a container adjacent to the mailroom was not an obstruction because the accused could not handle the workload thrust upon him even though he worked diligently to clear the backlog). In such a case there is no substantial violation of mail because it is left intact. *But see id.* at 293 (Quinn, C.J., dissenting).

 The elements of the offense of opening mail matter in violation of Article 134, UCMJ, 10 U.S.C. § 934, are as follows:

1) That the accused opened certain mail matter; 2) That such opening was wrongful; 3) That the mail matter was opened by

674

the accused before it was delivered to or received by the addressee; and, 4) That under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

*MCM*, Part IV, ¶ 93b(2) (1995 ed.). Opening of mail matter for some unlawful purpose or intent is not an element of the offense—it is not a specific intent crime. *See United States v. Robinson*, 39 M.J. 903 (A.C.M.R. 1994). *See also United States v. Beach*, 7 C.M.R. 48, 1953 WL 1512 (C.M.A.1953).

■ The appellant admitted during the providency inquiry that he understood the elements of the offense and the applicable definitions.[2] He admitted that the elements and definitions correctly described what he did. The appellant explained to the military judge that his purpose in opening the package was to see whether the box had been misaddressed. Notwithstanding this professed selfless motive, which we view as rationalization, the appellant admitted that he did not have any authority to open the package and that he should not have done so. This was the basis for the appellant appropriately admitting that his actions were both wrongful and prejudicial to good order and discipline. *See United States v. Penister*, 25 M.J. 148, 153 (C.M.A.1987) (Cox, J., concurring).

We find the factual circumstances admitted to by the appellant objectively support his guilty plea. The appellant's plea was provident. *Higgins*, 40 M.J. at 68. The appellant's explanation of his motives in opening the mail matter did not set up matter inconsistent with his plea. Article 45(a), UCMJ, 10 U.S.C. § 845(a). The appellant's motives were immaterial. *See United States v. Huet-Vaughn*, 43 M.J. 105, 114 (1995); *United States v. Kastner*, 17 M.J. 11, 13 (C.M.A. 1983). Therefore, the military judge did not abuse his discretion in accepting the appellant's plea. *Eberle*, 44 M.J. at 375.

## III. Pretrial Punishment

The appellant claims the military judge erred when he found that the appellant was not subjected to illegal pretrial punishment in violation of Article 13, UCMJ, 10 U.S.C. § 813, when the appellant was removed from his normal duties and forced to perform details, was commingled with post-trial prisoners and was treated worse than post-trial prisoners while he was in pretrial confinement, and was denied medical treatment while in pretrial confinement.[3] The appellant requests an additional 157 days' credit against his approved confinement. Although the military judge found the appellant was not subjected to pretrial punishment, he ordered 21 days' additional credit for those days the appellant performed details beyond the normal number of days members of his unit typically performed details.[4] While our decision on this issue does not require such generosity, we do not disturb the military judge's order.

■ Except for minor punishment for infractions of discipline, no person being held for trial may be subjected to punishment. Article 13, UCMJ, 10 U.S.C. § 813. A claim of pretrial punishment "presents a 'mixed question of law and fact' qualifying for independent review." *United States v. McCarthy*, 47 M.J. 162, 165 (1997) (quoting *Thompson v. Keohane*, 516 U.S. 99, 113, 116 S.Ct. 457, 133 L.Ed.2d 383 (1995)). The question to be resolved is whether any of the complained of conditions were intended as punishment. *United States v. Palmiter*, 20 M.J. 90, 95 (C.M.A.1985) (citing *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)). While we review the findings of the military judge regarding the historical facts for abuse of discretion, the conclusions of the military judge whether such facts demonstrate an intent to punish should be reviewed *de novo*. *McCarthy*, 47 M.J. at 168 (Effron, J., concurring in part and in the result).

2. The military judge defined the term "wrongfully" as meaning "without legal justification, authorization, or excuse."

3. This issue is raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982).

4. These details included various forms of yard work, picking up trash, and removing animal remains from the roads.

We have performed an independent review on this issue. We find the military judge did not abuse his discretion in his findings of historical facts. In our review *de novo,* we find that none of the pretrial conditions complained of by the appellant were intended as punishment. Therefore, the appellant was not thereby subjected to pretrial punishment. Art. 13, UCMJ.

IV. Sufficiency of Credit Awarded

■ The appellant claims the military judge erred when he ordered that appellant receive only 7 days' additional credit against his sentence to confinement for being escorted to the base hospital while wearing only his underpants and undershirt and waiting to see a doctor for a considerable period of time in a public area while handcuffed.[5] We disagree.

While the historical facts are consistent with the appellant's allegation, we find that the 7 days' credit the military judge awarded for treatment he found "offensive" adequately compensates the appellant. In our *de novo* review, particularly in view of the fact that the confinement officials ignored the appellant's reasonable request for clothes to wear, we find that escorting him in public dressed only in underwear and boots was intended as punishment. *McCarthy.* Such treatment is prohibited. Art. 13, UCMJ.

The appellant asks for at least 90 days' additional credit and would have us conclude that this violation is similar in severity to the violation in *United States v. Mahoney,* 36 M.J. 679 (A.F.C.M.R.1992). We decline to do so. In *Mahoney,* the violation was severe—unlawful command intervention in the trial process by a commander countermanding a judicial ruling. While we do not minimize the inappropriateness of escorting prisoners in public dressed only in their underwear, we view the violation in this case as less severe than the violation in *United States v. Suzuki,* 14 M.J. 491 (C.M.A.1983). In that case, the accused while in pretrial confinement was placed in administrative segregation in a 6 by 8 foot cell dressed only in his underwear until he agreed to sign a waiver to be commingled with sentenced prisoners. The military

judge gave day-for-day additional credit for an extended period he found to be illegal pretrial confinement and an additional 2 days for each day spent in administrative segregation. We are satisfied that 7 days' additional credit adequately compensates for the violation in this case.

In considering both of the appellant's claims regarding pretrial punishment, we have considered the potential impact of *United States v. Rock,* 52 M.J. 154 (1999), which held that "credit against confinement awarded by a military judge *always* applies against the sentence adjudged—unless the pretrial agreement itself dictates otherwise." *Id.* at 156–57. An assertion that *Rock* moots the appellant's claims would seem to have merit because the total minimum additional credit requested by the appellant, even when coupled with day-for-day credit under *United States v. Allen,* 17 M.J. 126 (C.M.A.1984), is considerably less than one year and the PTA does not dictate that credit awarded be applied against the approved sentence. Even if we agreed with the appellant's claims for additional credit, the conceivable amount of total credit would not reduce the confinement below the 8 years approved by the convening authority.

V. Accuracy of the Court–Martial Order

The appellant claims that the general court-martial order (CMO) does not conform to the disposition of the court-martial regarding Specification 4 of Charge II, Additional Charges I and II and their specifications, and Specification 2 of Additional Charge III. He asks that the CMO be corrected. We agree and direct administrative correction of the CMO to reflect that these allegations were "withdrawn and dismissed after arraignment."

The PTA called for the allegations to which the appellant pled not guilty to "be withdrawn and dismissed after the accused's pleas of guilty are accepted by the Court." It appears from the record that the military judge, on his authority, purported to withdraw the affected allegations and order them dismissed after he accepted the guilty plea of the appellant. The more appropriate course

---

**5.** This issue is raised pursuant to *United States v.* *Grostefon,* 12 M.J. 431 (C.M.A.1982).

of action for the military judge would have been to permit the trial counsel, acting on behalf of the convening authority, to withdraw the affected allegations.[6] *See* Rule for Courts–Martial (R.C.M.) 705(b)(2)(C) and Discussion.

The result of trial was necessarily consistent with the approved PTA. The purpose of a CMO is to promulgate the result of trial and action by the convening or higher authorities. *See* R.C.M. 1114; Air Force Instruction (AFI) 51–201, *Administration of Military Justice,* ¶ 10.1.1 (Oct. 3, 1997). Therefore, a corrected copy of the CMO will be issued reflecting that the affected allegations were "withdrawn and dismissed after arraignment." AFI 51–201, ¶ 10.1.6. The record of trial need not be returned to this Court after correction of this administrative error.

### VI. Conclusion

We conclude the findings and sentence are correct in law and fact, the sentence is appropriate, and no error prejudicial to the substantial rights of the appellant was committed. Accordingly, the approved findings of guilty and the sentence are

AFFIRMED.

Chief Judge SNYDER and Senior Judge SCHLEGEL concur.

---

6. The record indicates the trial counsel attempt- ed to do just that.