SULLIVAN, Senior Judge
(concurring in part and in the result):
The first granted issue asks whether the military judge erred in considering appellant’s unlawful pretrial punishment as a mitigating factor in determining his adjudged sentence. See RCM 1002 and 1001(c)(1)(B), Manual for Courts-Martial, United States (1998 ed.).[1] Such a sentencing approach was permissible prior to the decision of this Court in United States v. Rock, 52 MJ 154, 157 (1999). See Michael G. Seidel, Giving Service Members the Credit They Deserve: A Review of Sentencing and Its Application, The Army Lawyer 1, 2-3,12-13 (Dept. of the Army Pamphlet 27-50-321 Aug. 1999).
The opinion of this Court in United States v. Rock, supra, however, arguably precluded such action by a military judge. It specifically held that, absent a pretrial agreement to the contrary, unlawful pretrial punishment unrelated to confinement was to be treated as a sentence credit against the adjudged sentence. See, e.g., United States v. Larner, 1 MJ 371, 374-75 (CMA 1976). In dicta, it suggested that, absent an agreement to the contrary, unlawful pretrial punishment related to confinement was to be treated as a credit against the maximum sentence provided in the pretrial agreement. United States v. Rock, supra.[2]
Here, appellant’s unlawful pretrial punishment was related to his pretrial confinement. However, contrary to appellant’s assertion, the military judge did not consider it as a mitigating factor in arriving at an adjudged sentence. Here, the military judge considered it as a sentence credit against the adjudged sentence, in addition to a sentence deduction from the adjudged sentence which he allowed for a favorable sentence limitation in the pretrial agreement. Accordingly, I agree with the majority that the first granted issue is without merit, and United States v. Rock, supra, was effectively complied with in this case.
The second granted issue is “whether the military judge erred in increasing appellant’s sentence after [its] announcement” at his court-martial from 202 days to 212 days. I agree with the majority and the Court of Criminal Appeals that the record in this case shows that appellant was sentenced by the military judge to 10 months’ confinement, not 202 or 212 days as argued by appellant. Moreover, the trial judge’s comments concerning a sentence of 212 days vis á vis 202 days were clearly directed to the computation of the sentence appellant would actually serve. See Article 57(b), Uniform Code of Military Justice, 10 USC § 857(b); cf. Article 53, UCMJ, 10 USC § 853. In my view, the second granted issue is without merit, although the convening authority action and the promulgating order in this case should be corrected.
*265 The third granted issue asks “whether the adjudged bad-conduct discharge should be disapproved because of illegal post-trial confinement.” Here, appellant avers that he was unlawfully confined after his court-martial sentence had been served, from December 10,1999, to December 27, 1999, a total of 18 days. I agree that this claim may be rejected on the basis of United States v. Rosendahl, 53 MJ 344 (2000). In Rosendahl, we held that 120 days of illegal pretrial confinement, which could not otherwise be applied against an accused’s sentence, did not require the setting aside of his bad-conduct discharge.
Some further comment is warranted as a result of the questions raised in this ease concerning the computation of the sentence that a military prisoner will actually serve. See Article 57(b), UCMJ. I agree with the Court of Criminal Appeals’ general approach[3] in this case of computing the sentence which had to be actually served by appellant. See 57 MJ at 262-63 n. 4. That Court applied various sentence credits to which appellant was entitled, including a 60-day deduction resulting from a favorable sentence limit in his pretrial agreement, against the adjudged sentence. In my view, this approach is not only correct, but it is consistent with well-established military and civilian sentence computation practice. See United States v. Allen, 17 MJ 126, 129 (CMA 1984)(Everett, C.J., concurring)(lawful pretrial confinement credit); RCM 305(k)(RCM 305 violations); United States v. Rock, 52 MJ at 157 (Article 13, UCMJ, 10 USC § 813, violations unrelated to pretrial punishment); see also United States v. Larner, 1 MJ at 374-75; United States v. Kramer, 12 F.3d 130 (8th Cir.1993).
The majority takes a different approach to computing the sentence a military prisoner will actually serve. It relies on dicta in United States v. Rock, supra, concerning the application of sentence credits related to pretrial confinement when a pretrial agreement is involved. It holds that all sentence credits should be applied against the approved sentence to determine the actual sentence to be served. I did not agree with the majority opinion in United States v. Rock, supra, nor its dicta, and I affirmed on different grounds.[4] 52 MJ at 158 (Sullivan, J., concurring in the result). I do not join the majority today in the transformation of that dicta into a broad new rule for all confinement credits.
In my view, the majority’s new rule for computing courts-martial sentences to be served by military prisoners in future cases conflicts with language in our past cases and the Manual for Courts-Martial. Clearly, it violates the precise holding of the majority in United States v. Rock, supra. (In fact, if it were applied to Rock, he would have received 25 months of additional sentence credit.) In any event, I would prefer that our sentence computation rule be stated in terms traditionally understood in military and civilian law. All effective sentence credits, including credit resulting from a favorable sentence limitation in a pretrial agreement, should be successively applied against the adjudged sentence, unless the parties have provided for a different rule in the pretrial agreement.
In sum, it is my view that all sentence credits required by law should be initially applied against the adjudged sentence. In that group, I would include sentence credits for lawful and unlawful pretrial confinement, unlawful pretrial punishment, and RCM 305 violations. In addition, discretionary sentence credits or deductions should then be applied against what is left of the adjudged sentence after the legal credits have been applied. In this group, I would include deductions from a sentence resulting from sentence limitations in a pretrial agreement between the convening authority and an accused and deductions granted as an act of clemency by the convening authority. In my view, this approach to the question of sentence computation, which was followed *266 by the Air Force Court, is more faithful to existing military practice. See United States v. Larner, supra; Department of Defense Instruction 1325.7, Administration of Military Correctional Facilities and Clemency and Parole Authority at Enclosure 7 (July 17, 2001)(Appendix A to the opinion); cf. Seidel, supra at 2 n. 21 (suggesting that “adjudged sentence” for purpose of sentence credit in Lamer and ROM 305(k) really means “approved sentence”).
APPENDIX A

DODI 1325.7, July

E7. ENCLOSURE 7
DP FORM 2710-1
[[Image here]]
*267 [[Image here]]

. The current version of each Manual provision cited is identical to the one in effect at the time of appellant’s court-martial.

. Unlawful pretrial punishment might also be considered by the convening authority in arriving at a maximum sentence to be approved in a pretrial agreement or exercising clemency in his approval action under Article 60(c)(1), Uniform Code of Military Justice, 10 USC § 860(c)(1); see RCM 1107(b), Manual, supra. Dicta in United States v. Rock, supra, arguably precludes or discourages such action by a convening authority.

. I do not agree with the service appellate court's specific conclusion that appellant was entitled to 21.5 days of good time credit, in light of his adjudged sentence of 10 months and the agreed rate of 5 days per month.

. My view was that the military judge clearly did not intend to afford the appellant effective sentence credit for what he considered a technical violation of Article 13, UCMJ. See United States v. Rock, 52 MJ 154, 158 (1999)(Sullivan, J., concurring in the result).