CRAWFORD, Chief Judge
(concurring in the result):
I agree with the majority that the record of trial reflects an adjudged sentence that included confinement for ten months; that there was no unlawful reconsideration of the sentence; that RCM 305(k), Manual for Courts-Martial, United States (2000 ed.), and the rationale of United States v. Rock, 52 MJ 154, 157 (1999), specifically provide for various credits to be applied against the adjudged sentence, including the day-for-day credit under United States v. Allen, 17 MJ 126 (CMA 1984), where appropriate; and that computation of “good time” credit is an administrative responsibility best left in the hands of a confinement facility commander. However, rather than recognizing the ambiguity in the dicta in Rock, the Court, con *268 trary to RCM 305(k), establishes a new rule which overlooks the authority of the President.[1]
RCM 305(k) clearly states that the remedy for a failure to: (1) provide a prisoner with counsel (RCM 305(f)); (2) provide that prisoner with notification and action by the commander regarding his or her confinement (RCM 305(h)); (3) review that pretrial confinement pursuant to RCM 305(i); or (4) provide a review by a military judge (RCM 305(j)), is a specific credit against the sentence adjudged. See United States v. Southwick, 53 MJ 412, 418 (2000)(Crawford, C.J., “concurring ... as to Issue II”).
In addition to the aforementioned administrative credits, there is credit pursuant to Allen, supra, for each day of lawful pretrial confinement; credit pursuant to United States v. Suzuki, 14 MJ 491 (CMA 1983), for illegal pretrial confinement; credit for pretrial confinement that involves an abuse of discretion or unusually harsh circumstances; and credit pursuant to United States v. Mason, 19 MJ 274 (CMA 1985), for pretrial restriction equivalent to confinement. The latter would not necessarily be known by the convening authority and would have to be litigated at trial. Cf. United States v. King, 57 MJ 106 (2002)(granting review on question whether Mason credit was applicable).
Furthermore, sentencing procedures in a court-martial[2] often result in the awarding of additional credit, such as for prior nonjudicial punishment. See RCM 1001(c)(1)(B); United States v. Pierce, 27 MJ 367 (CMA 1989); United States v. Gammons, 51 MJ 169 (1999). We do need a rule that clearly defines how credits are to be applied in future cases. However, unlike the majority, I believe that any rule, including the Allen rule, involving credits must be bottomed on the fundamental principle that the accused is the gatekeeper of the evidence and director of the sentencing drama. See United States v. Chapa, 57 MJ 140 (2002)(burden on accused to raise issues of RCM 305 (non)compliance and focus the trial court on any violations). The majority’s holding, coupled with prior decisions from our Court, e.g., Southmck and Rock, both supra, guarantee increased litigation and imaginative pretrial agreements for the foreseeable future.
In Rock, the appellant contended that “the military judge erred in applying the credit to the adjudged sentence, rather than to the limitation established by the pretrial agreement.” 52 MJ at 155. Rock had pleaded guilty in accordance with a pretrial agreement that limited his confinement to three years. The military judge credited Rock with eight months of confinement against the adjudged sentence as a result of pretrial conditions on appellant’s liberty. He then announced a sentence that included 53 months of confinement, which he “explained included 8 months of credit.” Id. at n. 2. Pursuant to the pretrial agreement, the convening authority approved confinement for three years.
We held “that neither the military judge nor the convening authority erred____” Id. at 155. We further held that “credit against confinement awarded by a military judge always applies against the sentence adjudged—-unless the pretrial agreement itself dictates otherwise.” Id. at 156-57. Rock was a case where the defense was “successful in convincing the military judge to reduce the adjudged sentence due to the restraint [on liberty].” Id. at 157. “Had the adjudged sentence been lesser than the agreement, the pretrial restraint would have been effective in substantially reducing appellant’s sentence.” Id. We noted that pretrial restraint is a “useful bargaining tool,” and “[f]or all we know, trial defense counsel engaged in exactly such negotiations in this case.” Id.
Rock neither holds nor stands for the proposition that “successful” credit given pursuant to Allen, Mason, or Suzuki must be applied against the lesser of the adjudged sentence or the maximum sentence provided for in the pretrial agreement. As both the majority and concurring opinions point out, Rock was unique as to its facts, as well as the *269 remedy which the military judge awarded in order to provide effective relief.
The rule announced by the majority today allows an accused servicemember to negotiate a deal with his or her convening authority, and obtain a cap on the sentence, by arguing that he or she is entitled to the various credits discussed above. Cf. 57 MJ at 264 n. 6. Having secured a pretrial agreement, the accused can and should then make the same presentation to the military judge or court members during the sentence proceedings. Now, having had two opportunities to argue for credits, the accused will be entitled to the various credits, as the judge determines, and then have these credits subtracted from the lesser of the two sentences (adjudged or pretrial agreement).
The end result of the majority’s holding will be the fashioning of new pretrial agreements with imaginative clauses by prosecutors and staff judge advocates—and justifiably so, for a pretrial agreement is for the benefit of both parties. We will shortly see records of trial with pretrial agreements that are indexed to the amount of credit awarded in much the same way as economists index prices to inflation.
Military sentencing procedures place a duty on the Government to present evidence which may result in either a lessening of punishment or credit to an accused. See, e.g., ROM 1001(b). The burden should be on the defense to set out all of its evidence of unfair treatment or other treatment warranting credit in front of a sentencing authority. Then the sentencing authority can make an informed decision directing that credit be applied to the adjudged sentence where credit is due. Such a procedure will in no way hamper an accused’s ability to further litigate an adjudged sentence’s fairness before the convening authority (RCM 1106), or to argue sentence appropriateness to the Court of Criminal Appeals.

. See United States v. Key, 57 MJ 246 n. * (2002)(Crawford, C.J., concurring in the result).

. See Chapter X, Rules for Courts-Martial, Manual for Courts-Martial, United States (2000 ed.).