BAKER, Judge,
with whom ERDMANN, Judge, joins (concurring in result).
I agree with the majority’s conclusion that Appellant was not due credit pursuant to United States v. Mason, 19 M.J. 274 (C.M.A. 1985), and therefore concur in the result. Even if the Court of Criminal Appeals found as fact all that was in Appellant’s affidavit, Appellant’s restriction was not tantamount to confinement. Among other things, Appellant was able to leave the base on at least one occasion without notice and without restriction. Perhaps for this reason, Appellant’s counsel did not raise the issue of Mason credit at trial.
I write separately for two reasons. First, in concluding that “even if the [A]ppellant were entitled to credit for the 25 days he served under restriction, such credit would be applied against his adjudged sentence rather than the approved sentence under the [pretrial agreement],” the Air Force Court of Criminal Appeals misread United States v. Rock, 52 M.J. 154 (C.A.A.F.1999), and reached a conclusion contrary to this Court’s decision in United States v. Spaustat, 57 M.J. 256 (C.A.A.F.2002), decided after the lower court’s decision in this case. As the law is clear in this area, we should be equally clear when the lower court misstates the law. Second, this Court’s new rule of waiver would seem to relieve military judges of responsibility to give credit where credit is due.
The number of petitions and cases this Court hears involving post-trial claims of credit can be read to suggest that the Huffman construct of affirmative waiver is unworkable as a general rule, or at least an impractical source of unnecessary litigation. However, it may also suggest that the concepts of credit and credit calculation are not as well understood in the field as we might expect. First tour counsel may not always distinguish between the variety of credits due under Mason, United States v. Suzuki, 14 M.J. 491 (C.M.A.1983), and United States v. Allen, 17 M.J. 126 (C.M.A.1984), with the same ease as appellate courts.
The Court of Criminal Appeals itself, misread Rock, and misconstrued the manner of credit calculation. In Rock, 52 M.J. at 157, this Court said
Where there is a pretrial agreement that sets out a lesser limitation than that adjudged by the court-martial, however, a different result obtains. Where the agreement establishes a maximum confinement, for example, that is less than that adjudged by the court-martial, that lesser limit becomes the maximum total confinement that the accused lawfully can be made to serve. Where portions of that confinement have already been served, ac *116 tually or constructively, the credit applies against the agreement, otherwise the accused’s sentence will exceed the maximum lawful limit.
In Spaustat, this Court reiterated the point as applied to Article 13, Uniform Code of Military Justice, 10 U.S.C. § 813 (2002), and Rule for Courts-Martial 305 [hereinafter R.C.M.] credit:
Furthermore, we recognize that applying confinement credit against the adjudged sentence in cases where there is a pretrial agreement can produce anomalous results, and it can deprive an appellant of meaningful relief for egregious violations of Article 13 or RCM 305____Accordingly, in order to avoid further confusion and to ensure meaningful relief in all future cases after the date of this decision, this Court will require the convening authority to direct application of all confinement credits for violations of Article 13 or RCM 305 and all Allen credit against the approved sentence; i.e., the lesser of the adjudged sentence or the sentence that may be approved under the pretrial agreement.
Spaustat, 57 M.J. at 263-64.
Nonetheless, the lower court concluded: “Even if appellant were entitled to credit for the 25 days he served under restriction, such credit would be applied against his adjudged sentence rather than the approved sentence under the [pretrial agreement].” (As a result,'the Court of Criminal Appeals did not reach a factual conclusion regarding Appellant’s restriction.)
Against this backdrop, I agree with the majority that issues of Mason credit are better litigated at the trial level. In support of this position, the majority concludes that the parties have far more power than do courts of appeal to discover facts. Whether or not this is accurate as a comparative matter, or in general, see e.g., United States v. Campbell, 57 M.J. 134 (C.A.A.F.2002)(Court of Criminal Appeals has discretion to determine how additional evidence will be obtained), the parties certainly have within their reach adequate means of discovery to fully litigate questions of credit at trial. To this end, the majority announces a prospective rule of waiver: “[F]ailure at trial to raise the issue of pretrial restriction tantamount to confinement waives that issue for purposes of appellate review in the absence of plain error.” * 58 M.J. 111.
I would not be so quick to relieve military judges of their responsibility for providing credit where credit is due. R.C.M 905(e) does not make military judges spectators, devoid of responsibility for ensuring the fair and just administration of justice. If indeed an appellant has been denied a liberty interest, which amounts to confinement, he should have his claim to credit adjudicated by competent judicial authority.
If the Court is concerned about unnecessary appellate credit litigation, we should ensure that military judges — experienced in the law and its application — ask on the record whether an accused seeks any credit. If the trial judge does so and the accused is silent, or responds in the negative, then surely the matter of credit is waived. That is a workable and simple solution that will prevent undue litigation under either a preserved or plain error rubric.
But that is not this case. Appellant did not receive restriction tantamount to confinement. Therefore, it is not surprising that counsel did not pursue a credit claim at trial.

 If this is a new rule, it is not clear what rule it replaces. If the rule is intended to overturn the reasoning in United States v. Scalarone, 54 M.J. 114, 117 n. 1 (C.A.A.F.2000) then the court should do so expressly. Alternatively, this Court should indicate why Article 13, Uniform Code of Military Justice, 10 U.S.C. § 113 (2002), claims are distinct from claims pursuant to United States v. Mason, 19 M.J. 274 (C.M.A.1985), in a manner warranting a separate application of waiver. Nor is it clear whether there is a difference between plain error and error in cases involving valid claims of credit. Absent such discussion and distinction, the clarity the new rule is intended to offer may be diluted in the field.