**UNITED STATES**

v.

**Airman First Class Terry J. SUZUKI, FR 569–25–8613 United States Air Force.**

**ACM 23133 (f rev).**

U. S. Air Force Court of Military Review.

Sentence Adjudged 23 Feb. 1981.

Decided 23 June 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens, Colonel Helen T. Hope, USAFR, Major Wade B. Morrison, Major Douglas H. Kohrt, Captain Ronnie D. Compton, Captain Conrad C. Baldwin, Jr.

Appellate Counsel for the United States: Colonel James P. Porter, Colonel Kenneth R. Rengert, Lieutenant Colonel Bruce R. Houston, Major Michael J. Hoover.

Before HODGSON, HEMINGWAY and MILLER, Appellate Military Judges.

DECISION UPON FURTHER REVIEW

MILLER, Judge:

The record of trial in this case has been remanded to us for sentence reassessment pursuant to the United States Court of Military Appeals' decision in *United States v. Suzuki,* 14 M.J. 491 (C.M.A.1983). Noting "the egregious facts of the instant case," that Court concluded that the accused "merits meaningful relief with respect to the remainder of the sentence." At this time, weighing the seriousness of the offenses of which the accused was convicted against the substantially reduced sentence that this Court affirmed in its first review

of this case,[1] we are able to grant such "meaningful relief" only in the sense that the accused is now assured that his sentence, as originally affirmed, remains appropriate, even after it has been reconsidered in light of the holdings announced by the Court of Military Appeals in this case. We are unable to justify any additional quantitative reduction in the accused's sentence.

## A HISTORY OF THE SENTENCE IN THIS CASE

The accused was convicted by a general court-martial of stealing mail and violating a general regulation prohibiting the sale of duty-free items to Korean nationals. At trial, a military judge, sitting alone, sentenced him to a dishonorable discharge, confinement at hard labor for four (4) years, payment of a fine of $5000.00 with further confinement at hard labor until payment of that fine, but for a period not to exceed two and one-half (2½) additional years, and reduction to airman basic. The military judge, after announcing sentence, specifically ruled that, since the sentence as announced did not include consideration of the fact· that the accused had spent 65 days in illegal pre-trial confinement, the accused was to be awarded day-for-day Larner[2] credit for each day of that illegal confinement, plus two additional days credit for each of six of those days during which he was illegally confined that he had spent in disciplinary or administrative segregation. The military judge awarded these 12 additional days' credit because of the unusually harsh circumstances surrounding this segregation at the particular facility at which the accused had been incarcerated.

The approving authority, acting pursuant to a pre-trial agreement, approved only so much of the sentence as provided for a dishonorable discharge, confinement at hard labor for 13 months, a fine of $5,000.00 (without provisions for additional confinement if it were not paid) and reduction to airman basic. While directing that the ac-

cused be credited with the 65 days awarded the accused by the military judge as day-for-day Larner credit for the time that he had spent in illegal pretrial confinement, the approving authority, acting in accordance with the recommendation of his staff judge advocate, chose to ignore that portion of the trial judge's ruling that awarded the accused a credit of two additional days for each of the six days he had spent in disciplinary or administrative segregation.

Upon this Court's initial review, we found appropriate and affirmed only so much of the sentence as approved by the approving authority as included a bad conduct discharge, 11 months and 20 days confinement at hard labor, forfeitures of $250.00 per month for 12 months and a reduction to airman basic. In doing so, we specifically noted that our action was "unrelated to the reduction in confinement afforded the accused by the convening authority as credit for illegal pretrial confinement." We did not, however, at that time, indicate what consideration, if any, we had given in our deliberations on sentencing reassessment to that additional 12 days credit which, although credited against the accused's sentence by the military judge, was not, in fact, afforded to the accused by the approving authority's action.

As a result of the accused's good behavior while in post-trial confinement and his jailors' determinations that during his period of incarceration he made substantial progress toward rehabilitation, those portions of his affirmed sentence relating to a bad conduct discharge, 5 months, 11 days of 12 months forfeitures in pay, and 2 months, 10 days of 11 months, 20 days confinement at hard labor have since been remitted.

In summation, then, of the adjudged sentence of a dishonorable discharge, confinement at hard labor for four (4) years, payment of a fine of $5000.00 with further confinement at hard labor until payment of that fine, but for a period not to exceed two and one-half (2½) additional years, and a

---

1. *United States v. Suzuki,* unpublished opinion (ACM 23133, 2 July 1981).

2. *See United States v. Larner,* 1 M.J. 371 (C.M.A.1976).

reduction to airman basic, against which the military judge ordered a 77 day credit of confinement at hard labor, all but 7 months and 10 days confinement at hard labor (which the accused has already served), 6 months and 19 days of forfeitures at the rate of $250.00 per month, and a reduction to airman basic has already been remitted.

### THE "EGREGIOUS FACTS"

Before "meaningfully reassessing" the accused's sentence in accordance with the Court of Military Appeals remand, however, we must also discuss the nature of the "egregious facts" which caused that Court to determine such a "meaningful reassessment" to be necessary.

Having, once again, reviewed the trial transcript, our evaluation of the evidence presented at trial continues to convince us that the sentence we previously affirmed is not excessive.

Accordingly, we must conclude that the "egregious facts" referenced by the Court of Military Appeals relate solely to those defects in the post-trial handling of the military judge's trial ruling, that, absent specific reassessment of sentence appropriateness, might conceivably result in a failure to afford the accused specific sentencing credit for those 12 days which, although ordered credited against the accused's sentence by the military judge, was not afforded to him in his approved sentence.

Specifically, the two "egregious facts" referenced by the Court of Military Appeals in its decision are: (1) the fact that, by affording the accused only day for day credit for time spent in illegal pretrial confinement in the action on this case, the supervisory authority, in effect, unilaterally ignored the military judge's ruling that 12 additional days should be credited against the accused's sentence; and (2) the fact that this Court, when it initially reviewed this case, although granting the accused substantial sentence relief, failed to state, specifically, whether or not it considered this particular matter in arriving at the particular quantum of relief it, in fact, granted.

### THE SPECIFIC HOLDINGS

Nor may we adequately reassess the sentence we earlier affirmed in this case without looking to the specific holdings upon which the Court of Military Appeals reversed our initial sentence assessment.

*United States v. Suzuki,* 14 M.J. 491 (C.M. A.1983), contained two specific holdings, both of which were precedent setting. The first is that a "military judge ha[s] authority to order more than a day-for-day credit for illegal pretrial confinement"; the second, that a "convening authority cannot unilaterally ignore a military judge's ruling, even when believing it to be beyond the military judge's authority; rather he must invoke the extraordinary writ process."

### OUR FUNCTION IN REASSESSING SENTENCE APPROPRIATENESS IN THIS CASE

■ Certainly, when the Court of Military Appeals first enunciates new rules of law pertaining to sentencing matters, it is appropriate for it to remand the sentence then before it back to the appropriate Court of Military Review for sentence reassessment in light of those newly enunciated rules. And, upon receipt of such a case the receiving Court of Military Review must conduct its sentencing reassessment in accordance with the terms of U.C.M.J., Article 66(c), 10 U.S.C. § 866(c). Accordingly, the court's reconsideration must be based upon the *entire record,* and the court must exercise its own independent good-faith judgment, in acting to reaffirm so much of that sentence which it originally affirmed, as, after consideration of the new rule of law, remains correct in law and fact and therefore should be affirmed.

■ We do not, then, interpret the term "meaningful relief," as used by the Court of Military Appeals in its phrase, "[W]e conclude that appellant merits meaningful relief with respect to the remainder of his sentence," as a command to slavishly reduce

**624**

the quantity of the sentence we initially affirmed in this case, without exercising our own independent judgment as to the present appropriateness of such a reduction. Rather, we interpret it to mean that the accused is, by virtue of the new rules of law enunciated by the higher Court, entitled to the legal remedy of a thoughtful reassessment of his initially affirmed sentence, in light of these newly enunciated rules. *See* Webster's New International Dictionary, 3rd. ed., p. 1918, where "relief" is defined by definition number 5a, as "a legal remedy or redress."

Ergo, while *Suzuki,* requires us to reconsider the appropriateness of the sentence we initially affirmed in this case in light of its holdings, it does not mandate us to exceed the scope of our authority pursuant to U.C.M.J., Article 66(c), by actually reducing the quantity of the initially affirmed sentence, even though we were to conclude that it would continue to be, nonetheless, appropriate.

### OUR REASSESSMENT OF THE SENTENCE

■ Reassessing the sentence we previously affirmed, specifically in terms of both the facts of this case which the Court of Military Appeals in its decision above has described as "egregious" and the two holdings upon which that Court reversed our previous sentencing decision, we conclude that it remains, nonetheless, appropriate.

In re-evaluating the sentence we initially affirmed in this case, we have added to it those 12 days' credit that the Court of Military Appeals unequivocally ruled we must consider in our reevaluation. Having done so, we are absolutely convinced that the resultant sentence of a bad conduct discharge, confinement at hard labor for 12 months and 2 days, forfeiture of $250 per month for 12 months and a reduction to airman basic is not an excessive punishment for the crimes committed by the accused in this case.

Consequently, we conclude that, regardless of whether or not we, in our original assessment of an appropriate sentence in this case, in fact, specifically intended to afford the accused relief from the approving authority's decision not to credit the accused with 12 days originally credited to the accused by the military judge, the sentencing relief that we originally afforded the accused was amply sufficient to have encompassed consideration of those additional 12 days we now know must be credited against the accused's approved sentence.

Accordingly the sentence as originally affirmed by this Court is

REAFFIRMED.

Senior Judge HEMINGWAY, concurs.

Chief Judge HODGSON, concurs in the result.

### UNITED STATES

v.

**Staff Sergeant Charles M. BARUS, FR 266–33–0413 United States Air Force.**

### ACM 23837.

U.S. Air Force Court of Military Review.

Sentence Adjudged 21 Oct. 1982.

Decided 28 June 1983.

