248

UNITED STATES, Appellee,

v.

Airman First Class Terry J. SUZUKI,
U.S. Air Force, Appellant.

No. 41,691.

ACM 23133.

U.S. Court of Military Appeals.

July 29, 1985.

For Appellant: *Major Conrad C. Baldwin, Jr.* (argued); *Colonel Leo L. Sergi* (on brief).

For Appellee: *Captain Joseph S. Kistler* (argued); *Colonel Kenneth R. Rengert* and *Captain Brenda J. Hollis* (on brief); *Major Michael J. Hoover.*

*Opinion of the Court*

EVERETT, Chief Judge:

Appellant's case was reviewed previously by this Court; and at that time we concluded that he merited "meaningful relief with respect to the remainder of his sentence." *See* 14 M.J. 491, 493 (C.M.A.1983). Now we must determine whether the United States Air Force Court of Military Review, in its "decision upon further review," 16 M.J. 621 (A.F.C.M.R.1983), adequately complied with this direction.

We need not reiterate all the facts of the case, which were adequately detailed in our prior opinion. For present purposes, the essential facts are that, at trial, the military judge ordered a three-day-for-one credit for illegal pretrial confinement. Thereafter, the staff judge advocate, in his review, advised the convening authority that the "three-for-one credit" was "inap-

propriate in light of the case law" and that only one day's credit should be allowed for each day of illegal pretrial confinement. The convening authority acted on this advice, which, as we noted in our previous opinion, was erroneous. Moreover, "we conclude[d] that a convening authority cannot unilaterally ignore a military judge's ruling, even when believing it to be beyond the military judge's authority; rather he must invoke the extraordinary-writ process." 14 M.J. at 492.

At the time of our earlier decision, Suzuki had already been released from confinement; and, as we acknowledged, "[t]he number of days of credit" that had not been "awarded ... might be, under other circumstances, considered *de minimis*." Even so, because of what we termed "the egregious facts of the instant case," we directed "meaningful relief with respect to the remainder of his sentence" and directed "reassessment of the sentence." *Id.* at 493.

In its original action on the case, the Court of Military Review had granted a reduction in sentence—a reduction which was in addition to a substantial reduction previously granted by the convening authority pursuant to a pretrial agreement. *See* 14 M.J. 491 n.1 and 493 n.2. Upon remand from this Court, the panel in the court below—which differed entirely in membership from the panel which had originally reviewed the case—concluded that the sentence relief originally awarded "was amply sufficient to have encompassed consideration of" the additional days which "we now know must be credited against the accused's approved sentence." 16 M.J. at 624. Therefore, the sentence, as originally affirmed by the Court of Military Review, was reaffirmed. We now decide that, although the members of the panel of the Court of Military Review which reassessed the sentence were conscientiously seeking to perform their assigned task, they misperceived the import of our earlier decision.

We start from the premise that, when a Court of Military Review reassesses a sen-

tence because of prejudicial error, its task differs from that which it performs in the ordinary review of a case. Under Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866, the Court of Military Review must assure that the sentence adjudged is appropriate for the offenses of which the accused has been convicted; and, if the sentence is excessive, it must reduce the sentence to make it appropriate. However, when prejudicial error has occurred in a trial, not only must the Court of Military Review assure that the sentence is appropriate in relation to the affirmed findings of guilty, but also it must assure that the sentence is no greater than that which would have been imposed if the prejudicial error had not been committed. Only in this way can the requirements of Article 59(a), UCMJ, 10 U.S.C. § 859(a), be reconciled with the Code provisions that findings and sentence be rendered by the court-martial, *see* Articles 51 and 52, UCMJ, 10 U.S.C. §§ 851 and 852, respectively.

In its original opinion, the Court of Military Review specifically stated that the reduction of confinement which it had granted to appellant was "unrelated to the reduction in confinement afforded the accused by the convening authority as credit for illegal pretrial confinement." We found this "statement ambiguous and inadequate to assure us that the erroneous actions of the convening authority have already been cured." 14 M.J. at 493 n.2. In short, we were unsure that Suzuki had ever received the full credit ordered by the military judge with respect to the sentence adjudged. Indeed, had we believed that this credit already had been taken into account in the reduction of sentence originally ordered by the Court of Military Review, there would have been no occasion for further action by that court.

At the time of our earlier decision in this case, we recognized that, since appellant had already served his full confinement, the only means of giving him relief would be by modification of some other portion of the sentence. Since the Court of Military Review has special expertise in the realm

of sentence, we anticipated that it would devise some suitable substitute for the time spent in illegal confinement, which cannot be restored to appellant. Perhaps the Table of Equivalent Punishments might have been of assistance in this task, *see* para. 127c (2), Manual for Courts-Martial, United States, 1969 (Revised edition). Unfortunately, because of its misunderstanding of our earlier opinion, the court below failed to perform this task.

It now appears that affording "meaningful relief" to appellant is even more complicated than we might originally have supposed. According to appellate defense counsel, Suzuki was assigned to the Retraining Group at Lowry Air Force Base; and after successful completion of retraining and further military service, he returned to civilian life under honorable conditions. Moreover, there is some question as to whether the adjudged forfeitures of pay to which he was subject were ever collected. Therefore, defense counsel now urge that the charges against appellant be dismissed or that a sentence of "no punishment" be ordered.

We conclude that to direct such action would be a disproportionate response to the errors that have been committed. On the other hand, we believe that this protracted case should be terminated without the further delay that would be involved in another remand to the Court of Military Review. Under the present circumstances, the most equitable action is to invalidate all the for-

feitures and affirm the remainder of the sentence. If forfeitures have, in fact, been collected, then our decision will provide Suzuki with a basis for obtaining restoration of the forfeited pay. If, on the other hand, forfeitures have not been collected, then the windfall which he has already received from this omission compensates him adequately for any harm he has suffered because of the errors that have been committed in this case.

The decision of the United States Air Force Court of Military Review as to forfeitures is reversed. That portion of the sentence which includes forfeitures is set aside. Any forfeitures which have been collected from appellant as a result of his conviction in this case will be restored. In all other respects, the decision below is affirmed.

Judge FLETCHER did not participate.

COX, Judge (concurring):

Since I did not participate in the first decision of this Court [*United States v. Suzuki*, 14 M.J. 491 (C.M.A.1983) ], I do not know what was meant by the term "meaningful relief." *Id.* at 493. In fact, I strongly doubt if this Court should involve itself in *any case* where full clemency has been afforded appellant.* However, since Chief Judge Everett participated in the first decision, I defer to his view of the case and concur.

---

* It is noted that this is a guilty-plea case where the accused was sentenced to 4 years' confinement at hard labor; a fine of $5,000.00; reduction to E–1; and a dishonorable discharge. The convening authority reduced the sentence to 13 months' confinement at hard labor; a fine of $5,000.00; reduction to E–1; and a dishonorable discharge. The Court of Military Review further reduced the sentence to 11 months and 20 days of confinement at hard labor; forfeiture of $250.00 per month for 12 months; reduction to E–1; and a bad-conduct discharge. According to my calculations, he has received credit for all of the time required by the military judge, plus his dishonorable discharge was reduced to a bad-conduct discharge. I consider that very meaningful relief. The accused then went to Lowry Air Force Base where he was rehabilitated and his bad-conduct discharge was remitted. Thereafter, he reenlisted and has successfully completed that enlistment.