# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

CAMPANELLA, SALUSSOLIA, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**

v.

**Specialist ROBERTO FLORES**
**United States Army, Appellant**

ARMY 20160252

Headquarters, 1st Cavalry Division (Rear)(Provisional)
Bernie C. Laforteza, Military Judge
Lieutenant Colonel Oren H. McKnelly, Staff Judge Advocate (pretrial)
Colonel Oren H. McKnelly, Staff Judge Advocate (recommendation)
Lieutenant Colonel Scott E. Linger, Staff Judge Advocate (addendum)

For Appellant: Colonel Mary J. Bradley, JA; Captain Katherine L. DePaul, JA; Captain Bryan A. Osterhage, JA (on brief); Lieutenant Colonel Tiffany M. Chapman, JA; Major Todd W. Simpson, JA; Captain Bryan A. Osterhage, JA (on reply brief).

For Appellee: Lieutenant Colonel Eric K. Stafford, JA; Captain Austin L. Fenwick, JA; Captain Joshua B. Banister, JA (on brief).

29 January 2018

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

FLEMING, Judge:

In this case, we dismiss a specification of desertion, affirm a finding of guilty to the lesser-included offense of absence without leave (AWOL) as to a different desertion specification, and grant relief for delay in post-trial processing. *See United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of two specifications of desertion in violation of Article 85 of the Uniform Code of Military Justice, 10 U.S.C. § 885 (2012) [UCMJ]. The military judge sentenced appellant to a bad-conduct discharge and confinement for nine months. The convening authority approved only so much of the adjudged sentence as provided for a bad-conduct discharge and confinement for 120 days, pursuant to a pretrial agreement.

This case is before us for review pursuant to Article 66, UCMJ. Appellant initially asserted three assigned errors, one of which challenged the commander's authority to take action on appellant's court-martial. Appellant now agrees this assignment of error is moot because this court granted the government motions to attach appellate exhibits that established the commander's authority. We address the remaining two assignments of error, which merit discussion and relief. We have also considered the matter personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) and find it to be without merit.

*Providence of Guilty Plea*

Appellant argues the military judge abused his discretion in accepting appellant's plea of guilty because he did not resolve inconsistencies about: 1) the unit from which appellant deserted with respect to Specifications 1 and 2 of The Charge; and 2) "a factual interruption in [appellant's] period of absence" with respect to Specification 1 of The Charge.

We review a military judge's decision to accept a guilty plea for an abuse of discretion. *United States v. Schell*, 72 M.J. 339, 345 (C.A.A.F. 2013) (citing *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008)). A guilty plea will not be set aside unless we find a substantial basis in law or fact to question the plea. *Inabinette*, 66 M.J. at 322. We apply this "substantial basis" test by determining whether the record raises a substantial question about the factual basis of appellant's guilty plea or the law underpinning the plea. *Id.*; *see also United States v. Weeks*, 71 M.J. 44, 46 (C.A.A.F. 2012) ("It is an abuse of discretion for a military judge to accept a guilty plea without an adequate factual basis to support it . . . [or] if the ruling is based on an erroneous view of the law.").

*Appellant's Unit of Assignment*

Initially, appellant was charged with two specifications of deserting his unit: "Headquarters and Headquarters Troop [HHT], 3d Squadron, 3d Cavalry Regiment, III Corps/1st Cavalry Division." Prior to arraignment, appellant's unit was amended in both specifications. Specification 1 was amended to "[HHT], 3d Squadron, 3d *Armored* Cavalry Regiment, *III Corps.*"[1] Specification 2 was amended to "[HHT], 3d Squadron, 3d Cavalry Regiment, *1st Cavalry Division.*"

At trial, the military judge and the parties did not clarify which particular unit organization or identification code (UIC) was applicable to Specification 1 or 2. This failure now gives rise to the current appellate controversy. At issue is the unit

---

[1] During his review of the stipulation of fact, appellant noted a discrepancy and proactively advised the military judge that the unit listed in Specification 1 "should read 'III Corps,' not '1st CAV Division.'"

from which appellant was charged with deserting in Specifications 1 and 2, and, depending on that determination, whether appellant was assigned to that unit, and did he plead guilty to deserting that charged unit during the providence inquiry.

On appeal, appellant asserts Specifications 1 and 2 were charged as the same unit defined as "030003ARHHT" (UIC "WG2NT0") and he only admitted to deserting a different unit defined as "030003ARSQ REAR (UIC: "WG2NTD"). After a thorough review of the entire record, to include the stipulation of fact, appellant's admitted enlisted record brief (ERB), and his providence inquiry responses, the court finds appellant was charged with two separate units in Specifications 1 and 2.[2]

Appellant's ERB documents his unit organization as "030003ARSQ REAR" ("WG2NTD") from 9 November 2010 to 2 March 2014. Specification 1, which was charged from on or about 10 December 2010 to 15 February 2014, spans this entire timeframe. Appellant agreed in the stipulation of fact, as to Specification 1, that "[t]he rear-detachment unit was the HHT."[3] In his discussion with the military judge regarding Specification 1, appellant clearly stated, several times, he was assigned to the rear detachment and he "immediately" intended to remain away from his unit permanently. Appellant admits he deserted from "[HHT], 3d Squadron, 3d Armored Cavalry Regiment, III Corps," the unit charged in Specification 1. The court finds the stipulation of fact, appellant's providence inquiry responses, and his ERB all support a conclusion that the unit charged, and to which appellant plead guilty to deserting in Specification 1, was "030003ARSQ REAR" (UIC: "WG2NTD").

Appellant also asserts the failure to include the language "Rear Detachment" in the unit description in Specification 1 created a fatal variance. Whether deemed a mere omission or a variance, this failure was not fatal because appellant was not mislead or prejudiced by the lack of this language. Appellant clearly understood and agreed the unit he deserted was the "rear detachment" and that was "HHT, 3d Squadron, 3d Armored Cavalry Regiment, III Corps."[4]

---

[2] The two different unit organizations and UIC codes listed in appellant's ERB, when combined with the parties' agreed-upon amendments to the units in both specifications, undermine appellant's assertion that the two specifications were charged as the same unit.

[3] The stipulation of fact did not establish that HHT and the rear-detachment were the same unit for Specification 2.

[4] Even if the omission could be deemed a variance it was not material and did not

(continued . . .)

FLORES—ARMY 20160252

There is, however, a substantial basis in fact to question appellant's plea to Specification 2. On or about 16 February 2014, appellant returned to military control. On 3 March 2014, during appellant's return, his ERB reflects his reassignment to "030003ARHHT" ("WG2NT**0**), which makes no reference to a "rear detachment." Approximately two weeks after his reassignment, appellant again left military control. This departure is the genesis of Specification 2 encompassing the dates from on or about 18 March 2014 to on or about 17 January 2016.

As to Specification 2, the stipulation of fact and appellant's providence inquiry responses are ambiguous as to whether appellant was pleading guilty to deserting his newly reassigned unit, "030003ARHHT" (UIC "WG2NT**0**"), or his old unit, "030003ARSQ REAR (UIC: "WG2NT**D**"). As accurately recognized in appellant's brief, "[t]he [providence] colloquy for both specifications revolved around the 'rear detachment'" unit. (Appellant Br. at 5). When questioned by the military judge as to his unit in Specification 2, appellant replied "I believed that it was the same unit that I was attached to when I went AWOL." A review of the context of the ongoing discussion with the military judge indicates this statement appears to reference the unit from Specification 1 and appellant's first departure from the Army in December 2010. After a thorough review of the record, we hold that there is a substantial basis to question the factual basis of appellant's plea to Specification 2 because it appears appellant only agreed to departing his "rear detachment" unit ("030003ARSQ REAR" ("WG2NT**D**")) when his ERB reflects his assignment to a different unit "030003ARHHT" (UIC "WG2NT**0**") during the entire time period charged in Specification 2.

While the government requests this court accept appellant's pleas by finding the existence of an organic relationship between "030003ARHHT" (UIC "WG2NT**0**") and "030003ARSQ REAR (UIC: "WG2NT**D**"), such relationship is not established on the record. Ratifying the existence of such relationship, particularly in light of the divergence in the higher parent echelons of the alleged units, III Corps (Specification 1), and 1st Cavalry Division (Specification 2), is not justified.

---

(. . . continued)
prejudice the appellant. *See United States v. Treat*, 73 M.J. 331 (C.A.A.F. 2014); *United States v. Toth*, ARMY 200811, 2009 CCA LEXIS 440 at *8 (Army Ct. Crim. App. 30 Oct. 2009) (stating "[u]nder some circumstances, a variance in the unit or organization charged may not be fatal."). In this case, the inclusion of the language "Rear Detachment" would not substantially change the nature of the offense or increase the seriousness or potential punishment of the offense. Appellant is not prejudiced by this lack of language because he is not at risk of prosecution for the same conduct and he was not misled as to the unit or denied the opportunity to defend against the specification.

4

*Factual Interruption in Specification 1*

The military judge and the parties failed to recognize or address inconsistencies raised in the stipulation of fact and on the record to appellant pleading guilty to desertion from on or about 10 December 2010 to on or about 15 February 2014 in Specification 1. Appellant was arrested and held in confinement pursuant to his "military misconduct" from 14 January 2011 to 21 January 2011. (Pros. Ex. 1 at 4). This eight-day confinement was a factual interruption in appellant's continuous desertion. The inconsistency is further exacerbated by appellant's statement that he formed the intent "immediately" to remain away permanently from his unit. Appellant's similar intent was not established after 22 January 2011 as required to support a desertion specification after 22 January 2011. Based on these issues, after omitting the eight days of appellant's confinement, this court will only affirm a finding of guilty to the lesser-included offense of AWOL under Article 86, UCMJ.

The *Manual for Courts-Martial, United States* [*MCM*] authorizes the court to divide one longer period of absence in an AWOL specification into two or more separate, shorter AWOLs under that same single specification. *MCM*, part IV, ¶ 10.c.(11)[5]. *See United States v. Scott*, 59 M.J. 718 (Army Ct. Crim. App. 2004). To resolve the issue raised by appellant, we will modify Specification 1 to account for the termination date of 13 January 2011. We will indicate a second absence in Specification 1, beginning 22 January 2011, when appellant left confinement, to the end-date originally charged.

*Post-Trial Delay*

Appellant complains he suffered an undue, post-trial delay because 235 days elapsed between his court-martial and the convening authority's action, less five additional days requested by defense counsel to submit appellant's clemency matters pursuant to Rule for Courts-Martial 1105. While we find no due process violation under *Barker v. Wingo*, 407 U.S. 514 (1972), we also find no reasonable explanation for the delay and processing errors in this case and accordingly provide relief in our decretal paragraph. *See Collazo*, 53 M.J. at 727.

---

[5] The *MCM* states "[a]n accused may properly be found guilty of two or more separate unauthorized absences under one specification, provided that each absence is included within the period alleged in the specification and provided that the accused was not misled. If an accused is found guilty of two or more unauthorized absences under a single specification, the maximum authorized punishment shall not exceed that authorized if the accused had been found guilty as charged in the specification." *MCM*, part IV, ¶ 10.c.(11).

*Sentence Reassessment*

We are able to reassess the sentence in this case, and do so after a thorough analysis and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), and *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986). A Court of Criminal Appeals must "assure that the sentence is appropriate in relation to the affirmed findings of guilty, [and] that the sentence is no greater than that which would have been imposed if the prejudicial error had not been committed." *Sales*, 22 M.J. at 307-08 (quoting *United States v. Suzuki*, 20 M.J. 248, 249 (C.M.A. 1985)). "If the court can determine to its satisfaction that, absent any error, the sentence adjudged would have been of at least a certain severity, then a sentence of that severity or less will be free of the prejudicial effects of error. . . ." *Sales*, 22 M.J. at 308.

Affirming a conviction for two periods of AWOL in Specification 1 and dismissing Specification 2 reduces appellant's exposure from ten years of confinement to eighteen months of confinement. This change in the maximum sentence, however, is inconsequential in this case because, as a special court-martial, the sentence was already capped at twelve months of confinement. Despite the dismissal of Specification 2, appellant stipulated that he absented himself from the Army for over forty-nine months, which is clearly aggravating evidence.[6] Appellant remains convicted of AWOL, a type of offense with which this court has experience and familiarity, and can reliably determine what sentence would have been imposed at trial. We are confident that based on the entire record and appellant's conduct, the military judge sitting alone as a special court-martial, would have imposed a sentence of at least a bad-conduct discharge and confinement for 120 days.

**CONCLUSION**

The court affirms only so much of the finding of guilty of Specification 1 as finds that:

> appellant did, on or about 10 December 2010, without authority, absent himself from his unit, to wit: Headquarters and Headquarters Troop, 3d Squadron, 3d Armored Cavalry Regiment, III Corps, located at Fort Hood, Texas, and did remain so absent until he was apprehended on or about 13 January 2011; and that

---

[6] The stipulation of fact between the government and appellant agrees "for the purposes of this or any subsequent appeal, re-hearing, or re-trial—that the facts contained in [the] stipulation are true and are admissible [in evidence]." (Pros. Ex. 1 at 1).

appellant did, on or about 22 January 2011, without authority, absent himself from his unit, to wit: Headquarters and Headquarters Troop, 3d Squadron, 3d Armored Cavalry Regiment, III Corps, located at Fort Hood, Texas, and did remain so absent until he was apprehended on or about 15 February 2014, in violation of Article 86, UCMJ.

The finding of guilty as to Specification 2 is set aside and that specification is DISMISSED.  After considering the entire record and the post-trial delay, the court AFFIRMS only so much of the sentence as provides for a bad-conduct discharge and confinement for ninety days.  All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings and sentence set aside by this decision are ordered restored.  *See* UCMJ arts. 58b(c) and 75(a).

Senior Judge CAMPANELLA and Judge SALUSSOLIA concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

7