# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, HAGLER, and SCHASBERGER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist CHARLES W. WOOD**
**United States Army, Appellant**

ARMY 20160364

Headquarters, Fort Bliss
Michael J. Hargis, Military Judge (arraignment)
Kurt J. Bohn, Military Judge (trial)
Colonel Charles C. Poché, Staff Judge Advocate

For Appellant: Lieutenant Colonel Christopher D. Carrier, JA; Major Patrick J. Scudieri, JA; Captain Matthew L. Jalandoni, JA (on brief).

For Appellee: Lieutenant Colonel Eric K. Stafford, JA; Major Cormac M. Smith, JA (on brief).

27 February 2018

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

SCHASBERGER, Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of two specifications of sexual abuse of a child in violation of Article 120b, Uniform Code of Military Justice, 10 U.S.C. § 920b (2012 & Supp. I 2014). The military judge sentenced appellant to a dishonorable discharge, six years of confinement, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged.

Appellant's case is before us for review under Article 66, UCMJ. Appellant alleges the findings of guilty reflecting that he committed the charged misconduct on divers occasions in both specifications are legally and factually insufficient. We agree with appellant, for the charged time period, the evidence only supports the

finding that appellant committed each specification of sexual abuse of a child one time.[1]

## BACKGROUND

On 5 September 2014, appellant attended the wedding of his sister, AS. The wedding was held in Albuquerque, New Mexico. After the wedding, appellant offered to take WH, his four-year-old nephew, back to the hotel. WH's car seat was placed in the back center seat of appellant's car and WH was secured in his car seat.

Two years later, while at a sleepover, WH was overheard telling his seven-year-old friend they should get under the cover and touch each other's privates. When asked whether he understood it was wrong for little boys to touch other little boys, WH responded, "no, it's not" because "Uncle Charlie [appellant] does it."

---

[1] Appellant personally raises, in an unsworn submission pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), eight allegations of error. One merits mention; appellant asserts his defense counsel were ineffective for pressuring him to elect trial by a military judge alone and failing to investigate and present evidence of AS manipulating her mother, YD, during the trial. Under the circumstances of this case, we see no need to order affidavits from counsel or a fact-finding hearing pursuant to *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967). The facts in appellant's statement—even if true—"would not result in relief." *United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997).

Regarding forum selection, appellant was twice advised of his right to a trial by members. Appellant was advised of this right during arraignment. Then, on the day of trial, with the panel members waiting in the deliberation room, appellant changed his forum selection to trial by a military judge alone. In response, the military judge again informed appellant of his rights, discussed that he would be the military judge, and asked appellant if this choice was made voluntarily. Appellant assured the military judge that it was. Under the terms of Rule for Courts-Martial 903, appellant made a knowing and voluntary election of trial by a military judge alone.

Regarding counsel's pretrial investigation and trial performance, the defense theory of the case was that AS was a bad mother and harbored a grudge against her family because they may have tried to get custody of her son. YD testified that her daughter, AS, was a liar, bad mother, and threatened her. The military judge had the opportunity to see this evidence and weigh it along with the testimony of all of the other witnesses. Even assuming deficient investigation or performance by counsel, appellant's burden to show prejudice has not been met.

At trial, WH[2] testified as follows:

> Q. . . . And can you tell the judge sitting up there did anything happen in the car ride back to the hotel with Uncle Charlie?
>
> A. Mm-hmm. [Affirmative response.]
>
> Q. And what happened?
>
> A. He touched both of my privates when he was not opposed [sic] to.
>
> Q. Okay. And what do you mean by your privates? Do you mean your penis?
>
> A. Mm-hmm. [Affirmative response.]
>
> Q. Okay. Did he make you touch him at all in the car?
>
> [The witness indicated a negative response by shaking his head.]

When the trial counsel repeated the question whether he was made to touch appellant in the car, WH again shook his head indicating a negative response.

WH also testified about what happened once they were in the hotel room.

> Q. . . . So, did anything happen in the hotel room?
>
> A. Grabbed the gooey stuff and made me touch his privates.
>
> Q. . . . Was that Uncle Charlie?
>
> [The witness indicated an affirmative response by nodding his head.]

During the colloquy WH described the gooey stuff as "Slimy" and described appellant's penis as "Hard." WH also described "Yellow stuff" coming out of appellant's penis and landing on the carpet. When asked if this ever happened with

---

[2] At the time of trial, WH was six years old. Although young, WH demonstrated his ability to distinguish between statements that were false and those that were true.

appellant before, WH responded, "Yes." When asked how many times, WH held up two fingers. The trial counsel continued the inquiry as follows:

> Q. Okay. And do you remember where it happened before?
>
> A. In the car.
>
> Q. In the car. Okay. Was that in the car on the way to the hotel?
>
> [The witness indicated an affirmative response by nodding his head.]

WH added a few more details about the incidents during cross-examination, but did not provide information about any additional times where he either touched appellant or appellant touched him.

At the conclusion of the government's case, trial counsel moved to dismiss the words "and Cedar City, Utah," and the words "between on or about 28 June 2012 and" from both specifications of The Charge. Defense counsel agreed that it was a minor change and did not oppose the motion. Further, the military judge discussed the change with appellant and appellant agreed that it was a minor change. As a result, both specifications of The Charge were limited to misconduct on or about 5 September 2014, in Albuquerque, New Mexico.

Ultimately, the military judge found appellant guilty of both specifications of The Charge as amended (i.e., committing a lewd act on divers occasions by both touching WH and having WH touch him on 5 September 2014).

## LAW AND DISCUSSION

Article 66(c), UCMJ, establishes our statutory duty to review a record of trial for legal and factual sufficiency de novo. *United States v. Walters*, 58 M.J. 391, 395 (C.A.A.F. 2003). Under Article 66(c), UCMJ, we may affirm only those findings of guilty that we find correct in law and fact and determine should be affirmed based on the entire record. *Id.* "'The test for legal sufficiency is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Rosario*, 76 M.J. 114, 117 (C.A.A.F. 2017) (quoting *United States v. Bennitt*, 72 M.J. 266, 268 (C.A.A.F. 2013)). In resolving questions of legal sufficiency, this court is "bound to draw every reasonable inference from the record in favor of the prosecution." *United States v. Craion*, 64 M.J. 531, 534 (Army Ct. Crim. App. 2006) (citations omitted). The test for a factual sufficiency "is 'whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, *[we are] convinced of appellant's guilt*

*beyond a reasonable doubt.*'" *Rosario*, 76 M.J. at 117 (quoting *United States v. Oliver*, 70 M.J. 64, 68 (C.A.A.F. 2011)). In weighing factual sufficiency, we take "a fresh, impartial look at the evidence," applying "neither a presumption of innocence nor a presumption of guilt." *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002).

Here, the record of trial contained ample evidence from which the military judge could find and this court found the essential elements[3] of the charged offenses were proved beyond a reasonable doubt on at least one occasion (i.e., appellant touched WH's penis once and caused WH to touch his penis once). The evidence in the record, therefore, clearly establishes the legal and factual sufficiency for one incident in each specification. The remaining question is: whether the evidence supports the findings that the charged misconduct occurred more than once?[4]

### A. *Specification 1 – Causing WH to Touch Appellant*

WH clearly describes tugging on appellant's penis in the hotel room. WH is less clear about whether this was the only time. Twice when questioned by the trial counsel, WH indicated that he never touched appellant in the car. After testifying

---

[3] The essential elements of sexual abuse of a child are: "[1] that the accused committed sexual contact upon a child by touching or causing another person to touch, either directly or through the clothing, the genitalia . . . of any person; and [2] that the accused did so with intent . . . to arouse or gratify the sexual desire of any person." *Manual for Courts-Martial, United States* (2016 ed.), pt. IV, ¶ 45b.b.(4)(a).

[4] The government, even after amending the specifications to a specific day and place, charged each offense as occurring "on divers occasions[.]" The term "divers occasions" means "two or more occasions." Dep't of Army, Pam. 27-9, Legal Services: Military Judges' Benchbook, para. 7-25 (10 Sept. 2014). Therefore, to sustain a conviction for an offense "on divers occasions," we must find the misconduct happened on two or more occasions. As this court has stated before, the government's continued use of the word "divers" frequently creates appellate issues– either with ambiguous verdicts as in *United States v. Walters*, 58 M.J. 391 (C.A.A.F. 2003), or legal insufficiency as in this case. *See United States v. Pasay*, ARMY 20140930, 2017 CCA LEXIS 268, *3 n.4 (Army Ct. Crim. App. 19 Apr. 2017) (mem. op.). If the government charged offenses on "one or more" instead of "two or more" occasions, the *Walters* issue would be eliminated, the amount of admissible evidence would be the same, and the accused would continue to receive adequate notice of the charges and double jeopardy protection. *Id.* To the extent charging "one or more" presents disjunctive charging, it is a problem already present when the government charges misconduct on "divers" (i.e., two or more) occasions. *Id.*

about the incident in hotel room, WH indicated that he had touched appellant previously. WH held up two fingers to indicate it had happened two times and then stated it was in the car.[5] While there was testimony of appellant stopping at a fraternity house on the way to the hotel, there was no evidence about WH getting out of the car or appellant getting into the back seat.

When viewing the facts in the light most favorable to the government, we conclude the evidence for a finding of "on divers occasions" meets the minimal standards for legally sufficiency. However, when applying the test for factual sufficiency, we are not convinced beyond a reasonable doubt that a second touching occurred. Therefore, we find this specification is factually insufficient, and the words "on divers occasions" must be excepted.

*B. Specification 2 – Appellant Touching WH*

WH testified that appellant touched his "privates" in the car on the way to the hotel room. There was no other evidence introduced regarding appellant touching WH. The government conceded the record does not show appellant committed a lewd act on WH by touching his genitals on divers occasions. After a thorough review of the record, we also cannot conclude that appellant touched WH on more than one occasion.

**CONCLUSION**

The court affirms only so much of the findings of guilty of Specifications 1 and 2 of The Charge as finds that:

> Specification 1: In that [appellant], U.S. Army, did, at or near Albuquerque, New Mexico, on or about 5 September 2014, commit a lewd act upon [WH], a child who had not attained the age of 12 years, to wit: causing [WH] to touch [appellant's] penis.
>
> Specification 2: In that [appellant], U.S. Army, did, at or near Albuquerque, New Mexico, on or about 5 September 2014, commit a lewd act upon [WH], a child who had not

---

[5] After defense elicited testimony that WH at times told "tall tales" and exaggerated, and suggested his mothers manipulated WH's memory, the government introduced a prior consistent statement from WH under Military Rule of Evidence 801(d)(1)(B). This statement would also support the conclusion that appellant had WH touch his penis on more than one occasion. The statement was devoid of a time period or location so it is impossible to tell if it was within the charged timeframe, or even within a time period when appellant was subject to military jurisdiction.

WOOD—ARMY 20160364

> attained the age of 12 years, to wit: touching with his hand the penis of [WH].

We are able to reassess the sentence in this case, and we do so after a thorough analysis and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), and *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986). We must "assure that the sentence is appropriate in relation to the affirmed findings of guilty, [and] that the sentence is no greater than that which would have been imposed if the prejudicial error had not been committed." *Sales*, 22 M.J. at 308 (quoting *United States v. Suzuki*, 20 M.J. 248, 249 (C.M.A. 1985)). If we "can determine to [our] satisfaction that, absent any error, the sentence adjudged would have been of at least a certain severity, then a sentence of that severity or less will be free of the prejudicial effects of error . . . ." *Id.*

Weighing in favor of reassessment is the fact that there is no change to the penalty landscape; the gravamen of the criminal conduct remains substantially the same; appellant chose to be tried by military judge alone; and this type of offense is of the type with which we have experience and familiarity. Accordingly, we are confident that based on the entire record and appellant's conduct, the military judge sitting alone as a general court-martial would have imposed a sentence of at least a dishonorable discharge, confinement for sixty-six months, and reduction to the grade of E-1.

All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings and sentence set aside by this decision, are ordered to be restored. *See* UCMJ arts. 58a(b), 58b(c), 75(a).

Senior Judge BURTON and Judge HAGLER concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

7