# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, HAGLER, and SCHASBERGER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Major DAVID L. JERKINS**
**United States Army, Appellant**

ARMY 20140071

Headquarters, Fort Hood
Rebecca K. Connally, Military Judge
Colonel Stuart W. Risch, Staff Judge Advocate

For Appellant: Captain Cody Cheek, JA; Robert Feldmeier, Esquire (on brief).

For Appellee: Lieutenant Colonel Eric K. Stafford, JA; Captain Marc B. Sawyer, JA; Captain Allison L. Rowley, JA (on brief).

30 May 2018

---------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------

BURTON, Senior Judge.

An officer panel sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of assault consumated by battery upon a child, in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 (2012) (UCMJ). The panel sentenced appellant to a dismissal and confinement for six months. The convening authority approved only so much of the sentence as provided for a dismissal and confinement for five months.

Reviewing the case under Article 66, UCMJ, we affirmed the findings of guilty and the sentence on 30 November 2016. *United States v. Jerkins*, ARMY 20140071, 2016 CCA LEXIS 695 (Army Ct. Crim. App. 30 Nov. 2016) (mem. op.). We considered the matters personally submitted by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982); they lack merit.

In addition to the assault charge, the government originally charged appellant with violating Article 92, UCMJ, for engaging in a sexual relationship with the victim's mother, an enlisted soldier. Three days before appellant was arraigned, the

government withdrew this charge. After the military judge granted appellant's request to relax the rules of evidence, the government offered a general officer memorandum of reprimand (GOMOR) that addressed the same conduct as the original Article 92 offense. The decision on where the GOMOR would be filed had not yet been made, and appellant had requested additional time to submit a rebuttal. Appellant objected to the admission of the GOMOR because the filing decision had not yet been made, but the military judge admitted it into evidence over his objection. Our superior court found this decision to be an abuse of discretion that was not harmless error. After affirming our decision as to findings, CAAF set aside our decision as to sentence and remanded the case for sentence reassessment or rehearing. *Jerkins*, 77 M.J. 225 (C.A.A.F. 2018).

We are able to reassess the sentence in this case, and do so after a thorough analysis and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), and *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986). A Court of Criminal Appeals must "assure that the sentence is appropriate in relation to the affirmed findings of guilty, [and] that the sentence is no greater than that which would have been imposed if the prejudicial error had not been committed." *Sales*, 22 M.J. at 307-08 (quoting *United States v. Suzuki*, 20 M.J. 248, 249 (C.M.A. 1985)). "If the court can determine to its satisfaction that, absent any error, the sentence adjudged would have been of at least a certain severity, then a sentence of that severity or less will be free of the prejudicial effects of error. . . ." *Sales*, 22 M.J. at 308.

The improperly admitted GOMOR did not alter the nature of appellant's conduct or the penalty landscape. He remains guilty of beating his three-year-old stepson with a belt, causing substantial injuries over much of the child's body. Nor does excluding the GOMOR from consideration affect our view of appellant's culpability. Compared to the aggravating circumstances in the record (e.g., the victim's tender years, the severity of injury, and appellant's false claims about the cause of injury), the impact of the GOMOR is relatively minor. Finally, this is not a case where the only unfavorable evidence on the character of appellant's prior service was admitted in error.[*] Even after we exclude the GOMOR from

---

[*] The following negative information was in appellant's Officer Evaluation Reports, which were properly admitted. Appellant: should not be promoted; engaged in "unsatisfactory performance during combat operations;" "repeatedly made false statements and made attempts to manipulate events in his favor;" "spent his time primarily on actions that served self rather than the mission;" demonstrated behavior that did "not meet the expectations of any Soldier, let alone a field grade officer, and

(continued . . .)

consideration, the record still contains considerable admissible evidence that strongly counterbalances the favorable mitigation evidence offered by appellant during sentencing.

Based on our review of the entire record and appellant's course of conduct, we are confident the military panel would have imposed a sentence of at least four months and two weeks. Accordingly, we AFFIRM only so much of the sentence as that which provides for a dismissal and confinement for four months and two weeks. We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings and sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Judge HAGLER and Judge SCHASBERGER concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

(. . . continued)
[stood] in direct contradiction with the Army Values" of honor, integrity, and selfless service; "failed to transition effectively to the rank, responsibility, and capability required of a junior Field Grade Officer;" did not possess the mental and emotional attributes of a leader; failed in the leadership actions of communicating, decision-making, planning, executing, building, and motivating; and was ranked number 58 out of 58 majors rated by the senior rater.